Chipman
v.
Cook.

DARIUS CHIPMAN, Esquire,
*against*
JOHN COOK, Esquire.

In an action for slander, where a count contains words acknowledged to be *actionable,* coupled with others not actionable, but spoken at one time, the latter will be considered as merely in aggravation; and the finding *entire* damages by the Jury will not vitiate their verdict.

MOTION in arrest of judgment.

This was an action for words. The plaintiff declared in two counts, and had a verdict for 182 dollars and costs.

The defendant filed the following motion :

*Darius Chipman* v. *John Cook.*

*Rutland County, Supreme Court of Judicature, May adjourned term, A. D.* 1803.

Now the defendant in Court by himself, after verdict and before judgment, prays this Honourable Court that no judgment be rendered on the verdict of the Jury in said cause, because he says, that the plaintiff's declaration contained two counts ; that the first count is in substance, that the defendant uttered and published, &c. the following false, scandalous, malicious and defamatory *English* words, of and concerning the plaintiff, as State Attorney, and attorney at law, on the 20th of *September*, A. D. 1801, and at divers other times between that time and the 1st day of *March*, 1802, in the presence and hearing of divers good people of this State, to wit, " The said *Darius Chipman* is not to be trusted in any business whatever, and I can prove that he took half a ton of cheese as a bribe of *Benajah Garnsey Roots*, to induce him to enter a *nolle prosequi* in favour of said *Roots*, in a prosecution in favour of the State against

said *Roots*, and that he did actually and corruptly enter a *nolle prosequi* in favour of the said *Roots*, in consequence of receiving the said half ton of cheese as a bribe; and also that *Darius Chipman* is not a man of integrity, and is not to be trusted; he will take fees on both sides of a cause, and is a worthless lying villain."

That the second count in said declaration is in substance as follows: That between the 15th day of *September*, A. D. 1801, and the 1st day of *March*, A. D. 1802, the defendant, at, &c. did speak, utter and publish the following false, scandalous, malicious and defamatory words, of and concerning the plaintiff as a counsellor and attorney at law, in the presence and hearing, &c. to wit: " *Darius Chipman* is a man not to be trusted in his business as an attorney. He will take fees on both sides, and no man is safe who puts business into his hands to perform as an attorney or otherwise; and the only advantage any man can have by employing him is, that he will swear falsely in his client's cause." That the defendant pleaded the general issue to this declaration, and gave notice to the plaintiff that he should give evidence of the truth of the words spoken in justification, and that the Jury returned their said verdict for the plaintiff, which is, " That the defendant is guilty in manner and form as plaintiff in his declaration hath alleged, and we find for the plaintiff to recover of the defendant the sum of one hundred and eighty-two dollars damages, and his costs.          *Calvin Conant*, foreman."

That the plaintiff, in the cause aforesaid, did give no other evidence to the said Jury, than that the defendant did utter and publish, &c. that the defend-

ant said, that in the State prosecution against *Bena-jah Garnsey Roots*, the plaintiff, as State Attorney, received of said *Roots* half a ton of cheese as a bribe to enter a *nolle prosequi* in favour of said *Roots*, and that in consequence of said bribe the plaintiff did enter said *nolle prosequi*, which he the defendant could prove, and no other evidence to prove the plaintiff's whole declaration, and that the defendant confessed no other part or parts of the plaintiff's declaration than as above stated, as given in evidence, and that said verdict is found generally on all the distinct words and counts in the plaintiff's said declaration mentioned; whereas there was no evidence given in support of the second count in the plaintiff's declaration, and the words in the second member of the said first count, to wit, " that *Darius Chipman* is not a man of integrity, and is not to be trusted ; he will take fees on both sides of a cause, and is a worthless villain," are not actionable ; all which the defendant will verify as the Court shall order. Wherefore the defendant prays that no judgment be rendered on said verdict, but that the same be set aside.

> *John Cook*, for himself.

*Cook, pro se.* In support of my motion, I contend, that where there are several counts for words in the same declaration, and no evidence is adduced in support of but one count, and the Jury find generally for the plaintiff, the verdict is bad.

Secondly. That where one count sets forth several sets of words, and there is no evidence of the uttering and publishing but one set of the words, and the Jury find for the plaintiff generally on such count, the verdict must be set aside.

*Curia.* On the trial there was no evidence of the defendant's having uttered and published the words set forth in the second count, and the Judge in the charge to the Jury, directed them to lay the second count out of their consideration. The damages assessed afford a strong presumption that they did so. " After verdict, the Court will suppose every thing right, unless the contrary appears on record;" 1 *Wils.* 255. especially where it appears substantial justice has been done.

*Cook.* I shall rely, then, on my second position.

*Curia.* It appears from our minutes, that the defendant, on the trial, confessed the speaking of all the defamatory words set forth in the first count; so that the only question, if any, must be, whether the latter words in the first count are actionable, and if not actionable, whether they will vitiate the verdict found on the *entire* count?

*Cook.* I shall show that these words are not actionable, and that the verdict is bad, which found entire damages for these words, coupled with others which were actionable.

The words contain two assertions respecting the plaintiff.

First. " That he is not a man of integrity, and is not to be trusted. He will take fees on both sides of a cause."

Secondly. " He is a lying worthless villain."

As to the first. It is laid down in *Comyns' Digest,* vol. 1. p. 266. " That words are not actionable, if

they do not import a specific charge of some offence."

The words, it will be observed, are not laid with a *per quod.* The distinction between words which must be thus laid, and those where no special damage is necessary to be alleged, seems to be, that where the defamatory words expose a man to criminal prosecution and punishment, there they may be laid in the declaration without any especial damage; but where they do not expose a man to any criminal prosecution, a *per quod specialiter dam.* must be set forth. The words found by the Jury did not expose the plaintiff to the penalties of the law, and should have been laid with a *per quod.* As they are laid they are not actionable, for they do not state any specific charge, which might be the ground of a public prosecution. *Hence* the maxim I have read from Chief Baron *Comyns,* which is strongly enforced in the books by many cases in point, as in *Cro. Jac.* p. 202. *Smith* v. *Turner,* action upon the case for these words, " *Thou art no true subject to the king, and that I will prove;*" the defendant pleaded not guilty, and found against him. It was moved in arrest of judgment, that these words were not actionable because they be too general, and after divers motions resolved by the Court that the action lies not.

So to say of a man, " *Thou hast committed a burglary in breaking his house,*" without mentioning the house of any one. 1 *Roll.* 71. 1. 30. So in the case of *Powell* v. *Hutchins, Cro. Jac.* 204. action for these words, " *Thou art a thievish rogue, and hast stolen bars of iron out of other men's windows,*" it was held the action lay not.

So to say of a counsellor at law, " *He has no more wit than a jackanapes,*" is not actionable. *Godb.* 441. or that " *he hath nothing but what he got by swearing and forswearing,*" *Co. Ent.* 21, 22. So in the case of *Thomas Rich* v. *Holt,* as reported in *Cro. Jac.* p. 267. it was decided, that no action lay for saying of a counsellor, " *You are a paltry lawyer, and used to play on both hands.*" All these decisions are upon the same principle, that the words convey no specific charge, which might be the ground of a public prosecution.

The latter words, " *He is a lying worthless villain,*" are not surely actionable ; for no words, however opprobrious, unless laid with a special *per quod,* are actionable, if they do not immediately affect a man in his profession, occupation, or trade. The case of *Cotes* v. *Ketle, Cro. Jac.* p. 204. is fully in point. Error of a judgment in *Bury.* Action for these words : Whereas the plaintiff was a cooper, and had used that trade twenty-four years, and thereby had gained his living, the defendant said of the plaintiff, " *He is a very varlet and a knave ;*" and upon this the plaintiff had judgment there, and error assigned was, that the words were not actionable, and for this cause reversed.

So, in the case of *Todd* v. *Hastings,* reported in 3 *Sanders's Reports,* p. 307.

But the opinion of Chief Justice *Vaughan,* in the case of *King, of Gray's Inn,* v. *Sir Edward Lake,* reported 2 *Ventris,* p. 28. puts this doctrine in a very clear light ; and although the learned Judge's opinion did not prevail in that particular action, yet it has since been supported by the whole current of authorities ; and if this action had not been laid with

a *per quod*, undoubtedly his learned brethren would have concurred with him in opinion. The plaintiff alleged, that he was bred up to the law, and practised it, and had many persons of honour and others his clients, and thereby got money and maintained his family, &c. The defendant *falso et maliciose* wrote a letter to *Anne*, Countess of *Lincoln*, who was the plaintiff's client, containing, that the plaintiff would give vexatious and ill counsel, and stir up a suit, and that he would milk her purse, and fill his own large pockets, &c. *per quod* he lost the said Countess and other clients; upon not guilty pleaded, and a verdict for the plaintiff, it being moved in arrest of judgment, *Wylde*, *Archer*, and *Tyrrel* held that the action lay: it is a scandalous letter concerning his profession, and here is a special damage. *Vaughan*, Chief Justice, " I must submit to the rule given, but I am of another opinion. In ancient books we do not read of an action for words, unless the slander concerned life. It was held not actionable to call " *villain*," unless it were added he was laid in wait to be seized. The growth of these actions will spoil all communications. A man shall not say such an inn or such wine is not good. Their progress extends to all professions. To say a man is not a good surveyor, has been held actionable. The words spoken here have no more relation to the plaintiff's profession, than to say of a lawyer that he hath a red nose, or but a little head. To say one had used a woman's body is slander, it being an idiom of speech for lying with her. But it is objected, that all these words taken together make a slander. No man can assign me such a ratiocination *à male divisis ad bene conjuncta*. I never heard it but in my Lord

*Strafford's* case, viz. that many trespasses should make a treason. It is said he stirred up a vexatious action. So does a counsel when he advises an unsuccessful action, for the party is amerced *pro falso clamore.* " He will milk your purse," taken enunciatively, signifies no more than milking a bull. The phrase is not come to an idiom. So of filling his pockets; these words may have been spoken of the law; and indeed they are spoken of the thing, not the man or his practice. Dunce, corrupt, &c. concern the profession. But these words are applicable. to any. If he had said, he is not a good fidler, would that have been actionable ?"

The words then being shown not to be actionable, it remains to show, that being combined in the same count with those which are actionable, a verdict finding damages upon the entire count is bad.

. It is a settled rule, that where there are several counts, and verdict is entered generally on all the counts, and entire damages are given, and one count is bad, it is fatal, and judgment shall be arrested; *Douglas's Reports,* 730. *Grant* v. *Astle,* 3d edition, and it shall be awarded *in toto,* and no *venire de novo* be awarded. 696. *Trevor* against *Wall,* 11 *Term Rep.* 151. *Hancock* v. *Haywood,* 3 *Term Rep.* 435. *Holt* v. *Scholfield,* 6 *Term Rep.* p. 691. ·

So, in the case of *Onslow, Esquire,* v. *Horn, Clerk,* the judgment was arrested, because the words in the latter count were not actionable. 3 *Wils.* 177. So in the case of *Savile* v. *Jardine,* 2 *H. Black. Rep.* p. 531. The reason of these decisions applies equally to the case where part of the words in one count are not actionable, upon the general principle laid down in the case of *Hambleton* v. *Vere,* 2 *Sanders,* 169. as

cited in *Comyns' Digest,* vol. 5. tit. *Pleader,* (S. 25.) a verdict shall be void if it give damages for that for which no cause of action was then incurred.

*Smith* arose to reply, but was interrupted by the Court.

### Opinion of the Court.

*Curia.* The case is *luce clarius,* and the principles upon which it must be decided too well settled to require any reply on the part of the plaintiff necessary.

The motion in arrest of judgment is grounded on two exceptions to the verdict :

First. That a certain section of the defamatory words set forth in the first count in the plaintiff's declaration, are not actionable.

Secondly. If not actionable, the Jury having found entire damages on this count, the verdict is vitious.

As to the first exception, the Court are clearly of opinion, that the words are actionable. The doctrine of the law is perspicuous. A man is entitled to recover damages for words maliciously spoken, first, when the words contain an express imputation of crime liable to punishment, some capital offence or other infamous crime or misdemeanor ; secondly, when the words are spoken of one in an office of profit or credit, and when the words are obviously to injure the person in office ; in both cases no especial damage is necessary to be alleged. The plaintiff in this case sets himself up as a governmental officer, and as an attorney of this Court. It is unnecessary to repeat

the words found by the Jury to have been spoken by the defendant. It is obvious that they tended, in a very aggravating degree, to expose the plaintiff, as a public officer, to impeachment, and to injure him in his office of an attorney of this Court.

The decision of this question might seem to render the consideration of the second exception unnecessary. But as the Court consider it beneficial for the junior practitioners at the bar to deliver their opinion on all proper occasions, we add, that if the words in the latter sections of the first count had not been actionable, yet the verdict of the Jury would not have been vitious. It is true, that if the plaintiff have several counts in his declaration, and the words in the first count are actionable, and he sets forth in the second count other words spoken at another time, which are not actionable, and the Jurors assess damages entirely, judgment will be arrested for the whole. But here it appears the words were spoken at one time, and therefore properly included in the same count; and it is considered to be undoubted law, that where a count contains words acknowledged to be actionable, coupled with others not actionable, but spoken at one time, the latter shall be considered as merely in aggravation, and the finding entire damages on the whole count will be good.

Judgment that the defendant take nothing by his motion, but that the same be dismissed with costs.

*Israel Smith*, for the plaintiff.
*John Cook, pro se.*