The action stood further continued nisi; and afterwards, at Taun •.ton, the opinion of the Court was pronounced as follows, by
Parker, J.
In the declaration there are two counts — one charging the defendant with having spoken certain defamatory words, specially set forth; the other charging him generally with having maliciously accused the plaintiff of the crime of stealing.
It is doubtful whether some of the words charged in the first count are actionable, viz., “ He has been unfaithful, and, I believe, has taken money from my desk-” Others are, without doubt, actionable, as, “ He has stolen my powder-horn,” “ He has stolen my arithmetic.” The latter, at least, are actionable, with the innuendo to explain them, which is found in the declaration.
The evidence, upon which the jury founded their verdict, applied to the second set of words charged in the first count; and there was no evidence to support either of the other charges in that count. The words, as proved, were, “ he would venture any thing Nye had stolen the book.” Another witness, present at the same conversation, testified *to different words, viz., that the defendant said, “ he would venture Nye had carried away his book.” These words would not be actionable without some colloquium, showing that by carrying aivay was clearly intended stealing. But it must be presumed that the jury believed the first witness; and they had good reason, as his testimony was given recently after the conversation, and that of the latter more than a year subsequent to it.
General damages were assessed by the jury; and a new trial is moved for, because the words proved were different from the words laid in the count; and according to the rule, that where the words *109 are particularly set forth, they must be proved as laid, this evidence was not sufficient to support the declaration, and a new trial ought to be granted.
But it is contended, that, the words proved being actionable, and the second count having alleged in substance that the defendant charged the plaintiff with the crime of stealing, a new trial ought not to be granted, but judgment entered, because both the counts are good, and the evidence sufficiently maintains the second. This position is true, provided the second count be sufficient, in law, of itself to support an action of slander.
There seems to be no reason why such a count should not be good, if a plaintiff chooses to rely on such a general statement of his case. It certainly is not prejudicial to the defendant; for if he should attempt to justify, instead of being held to.prove that the plaintiff has committed the particular theft, with which he may by the words have charged him, he will sufficiently establish his defence by pleading and proving any larceny, committed at any time by the pkintiff.
And the practice seems to have been conformable to this principle ; for ' the books furnish many precedents of declarations in slander of a general nature, or where the substance of the words, and not the words themselves, is laid in the count.
In a very good book of practice, called Morgan’s Vade Mecam, it is said to be customary, where there is the least * doubt as to proving the identical words, to add a gen-oral count, as that the defendant charged the plaintiff with the crime of, &c. (a) Now, if such count were bad, no judgment could have been rendered on any counts joined with it, where the damages were general. It must therefore be presumed that such a form would long since have been rejected from the precedents, if any legal objections lay to it.
In the action of Nelson vs. Dixie, which was cited at the bar, Lord Hardwick said, in an action for words, you may either lay the particular words spoken, or may set out the substance of them ; and if the substance, — as that the defendant charged the plaintiff with such or such a crime, — it is sufficient to prove the substance of the words ; and he says there are precedents of the sort in Rastell’s entries, and the substance is laid in Latin ; but where the very words are laid, they must be proved as laid. We think this, though a case at nisi prius only ; yet, as it was decided by a very eminent *110 judge, and seems to be acquiesced in, and is introduced into Comyn’s Digest and other respectable compendiums, to be sufficient authority for us to support the second count, especially as there can be no inconvenience in this general form of declaring. (b)
It is further objected that the words, as proved, did not amount to a direct and positive charge of crime, and therefore would not support any count; the words being I will venture he has stolen, &c.
There are many cases where words spoken hypothetically are held to be actionable; and if they were not, it would be easy for the defamer, by cunningly adopting this form of expression, to ruin reputations with impunity. This must be always a subject for the consideration of the jury; if they believe the words to have been maliciously spoken, and with intent to convey a charge of crime, they are bound to give damages, however artful the contrivance may have been to spread scandal, without exposing the author to punishment. Judgment must be entered on the verdict.

 [In Jackson vs. Stetson, (15 Mass. Rep. 52,) it is said of Morgan, that u a proposition, in any degree questionable in its nature, ought, certainly, to be supported by some more respectable authority.” Morgan quotes jYelson vs. Dixie, as his authority which contains a dictum at nisi prius of no weight. — Ed.]

 [According to the best authorities, this general form of pleading is bad. In Cook vs. Cox, (3 M. & S. 116,) Lord Ellenborovgh said, “ The words supposed to be used by Lord Hardioicke, in Nelson vs. Dixie, (Cas. Temp. Hardw. 305,) were merely thrown out at nisi prius, and not material to the point ruled by him in that cause ; and they are evidently founded on a mistake, as there are no such precedents in Rastell as he supposed ; ” and it is now well settled, that the libel, or slander, must be set forth in hac verba. Lord Ellenborough said, in the case before referred to, “ Unless the very words are set out, by which the charge is conveyed, it is almost entirely impossible to plead a recovery in one action, in bar of a subsequent action, for the same cause. Identity may be predicated with certainty of words, but not of the effect of them, as produced upon the mind of a hearer.” And in Gustole vs. Mathers, (1 M. & W. 495,) Lord Abinger said, “ If it were sufficient to state merely the effect of the words, any person would be at liberty to swear as to the effect of the words, without stating any precise words; and even if the witness did state precise words, the jury would have to judge of their legal effect; whereas that is generally to be decided by the court. It is not expedient to blend questions of law and fact together; it ought, therefore, to appear on the face of the declaration, by the words or signs themselves, that they were sufficient to support such innuendoes or averments, as may be necessary to apply to the subject, that they may bear the interpretation put upon them, and present the injury which is charged to have resulted from them.” And see Wrights vs. Clements, 3 B. & A. 503. — Wood vs. Brown, 6 Taunt. 169. — Flint vs. Pike, 4 B. & Cr. 473. — Newton vs. Stubbs, 3 Mad. 71. — Rex vs. Bear, 3 Salk. 417. — Stark, Sland. 362—368. — Sed vide Pond. vs. Hartwell, 17 Pick. 269. — Allen vs. Perkins, 17 Pick. 369. — Whiting vs. Smith, 13 Pick. 364. — Ed.]