## H. PARSONS *versus* J. BELLOWS.

A count for slander, alleging that the defendant charged the plaintiff with the crime of theft, without setting out the words spoken, is bad even after a verdict.

THIS was an action on the case for slander. Among other counts there was one, in which it was alleged that the defendant, in a certain discourse, which he had with divers persons, of and concerning the plaintiff, falsely and maliciously charged the plaintiff with the crime of theft. But the words uttered by the defendant were not set out in this count.

After a verdict in favor of the plaintiff on all the counts, *Parker* and *Smith*, for the defendant, moved in arrest of judgment, on the ground that the general count, in which the words were not set out, was bad.

VOL. VI.        37

Parsons
v.
Bellows

In actions for slander the words must be set forth. Starkie, on Slander, 266—270 ; 1 Chitty's Pl. 381—382 ; 5 Cowen, 515, *Fox* v. *Vanderbeck ;* 3 Johns. Rep. 10, *Ward* v. *Clark ;* 3 M. & S. 110, *Cook* v. *Cox.*

The statement of the words written or spoken must correspond with the publication to be proved ; and they must be proved substantially as laid, that the defendant may know what he is to meet. Starkie, on Slander, 270 ; 1 Chitty's Pl. 382 ; 1 Wendell, 506 ; 2 East. 438, *Maitland* v. *Gouldney ;* 1 Chitty's Rep. 507, *Walters* v. *Mace ;* 2 B. & A. 756 ; 5 B & A. 615, *Cartwright* v. *Wright.*

If the slander be contained in words of interrogation it must be so laid. Starkie, 271 ; 8 D. & E. 150, *Barnes* v. *Holloway.*

And an action for words in the third person, is not sustained by evidence of words in the second person. 4 D. & E. 217, *King* v. *Berry.*

So words spoken ironically must be stated as spoken, with an averment that they were spoken ironically. Starkie, 272.

Where the slanderous charge or imputation can be collected from the words themselves, it is unnecessary to make any averment as to the circumstances to whose supposed existence the words refer. Starkie, 281.

But when the actionable quality is derived from explanatory circumstances, extrinsic of the words, the connexion with those circumstances must be averred and proved. Starkie, 289 ; 9 Cowen, 30, *Bullock* v. *Koon ;* 5 Johns. Rep. 211, *Van Vechten* v. *Hopkins ;* 7 Taunton, 205, *Hancock* v. *Winter.*

The words set out are applied by the inuendo, which explains the defendant's meaning by reference to antecedent matter, and cannot extend the sense of the words beyond their own meaning, unless something is put upon the record by which to extend it. Starkie, 293—295 ; 1 Saund. 242 ; note 4. 6 Wendell, 414, *Milligan* v. *Thorn ;* 8 East. 431, *Hawkes* v. *Hawkey ;* 5 Johns. 220.

Many other authorities might be cited to establish these positions ; but they are all nothing, and the learning of the books upon pleading in actions of slander is useless and idle, if the third count in this declaration can be supported. For if so, the plaintiff, in any case, need only allege, generally, that the defendant, in a certain discourse, charged him with a certain crime, and he may then introduce any matter in evidence to satisfy the jury that such charge was made by words or signs ; he will be held to no set of words substantially, but may prove words affirmative or interrogative—in the second or third persons—spoken ironically, circumstantially, or directly —and may prove any extrinsic circumstances without avering them—the " occupation" of the inuendo will be gone, and the defendant will have no notice of the particulars he is called to meet.

In actions for libels it is not enough to allege that the defendant published a libel containing false and scandalous matters in substance as follows. 3 B. & A. 503, *Wright* v. *Clements ;* 2 D. & E. 162 ; 6 Taunton, 169.

*Bell*, for the plaintiff, insisted, that the general count was sufficient. It had been in common use from very early times—has had the sanction of some of the most distinguished lawyers in the country,—is found in the American Precedents of Declarations—has been sustained by the supreme court of Massachusetts. 8 Mass. Rep, 122, *Nye* v. *Otis*, and by Lord Hardwicke, Rep. Temp. Hardwicke, 305—is inserted in Morgan's Vade mecum, and is laid down as sufficient in Comyn's Digest, " actions on the case for defamation," G 6.

RICHARDSON, C. J. delivered the opinion of the court.*

A long series of well considered decisions seems to us to have settled the question, which this case presents. And in our opinion it must now be considered as a well established rule, that in a count for slander by words, the words themselves must be set out, and be set out,

*PARKER, J. having been of counsel did not sit.

Parsons
v.
Bellows.

if it be required to make them intelligible, with proper inuendoes and a sufficient explanation.

It is true, there are found in the books, forms of general counts in slander, where the words are not set out. But if we except the case of *Nye* v. *Otis*, 8 Mass. Rep. 122, no adjudged case is found in the books sustaining such a count. And in that case we find nothing stated which tends in any degree to show the propriety of sustaining such a count ; nor is there any attempt to reconcile that decision with the numerous cases found in the books, which seem to establish a different rule. It is there said that such a count is not prejudicial to the defendant. But down to the time of that decision it seems generally to have been supposed that it was of some importance to the defendant to know the certainty of the charge he was to meet.

We are of opinion, that as the verdict has been taken in this case on all the counts, and the general count is insufficient, the judgment must be arrested.