## James Haselton *vs.* John Weare.

In a declaration for slanderous words, the words constituting the slanderous charge must be set forth; and an omission to state them is not cured by verdict.

If one of several counts in a declaration is fatally defective, and a general verdict on all the counts is returned and entered in favor of the plaintiff, judgment will be arrested.

This was an action on the case for verbal slander. The declaration contained four counts, the last of which was as follows :—"Also for that, the defendant at said Compton, to wit, at said Guildhall, on the fifth day of June last past, speaking of the plaintiff in a certain other discourse, which the said Weare then and there had, with divers other good and worthy citizens of this state, and of the province of Lower Canada, of and concerning the plaintiff, the said Weare, with the malicious contrivance and intention aforesaid, and for the several purposes aforesaid, did falsely and maliciously, openly and publicly, *charge the plaintiff with the crime of perjury,* in the presence and hearing of those last mentioned citizens. By means of the speaking and publishing of which said several false, scandalous and defamatory words, and of said false and malicious charge. And the plaintiff avers that he is a practicing physician and is further greatly injured and prejudiced in his character, reputation and profession as a physician, and has been suspected and believed by his neighbors and people at large, to have been guilty of the crime of perjury, and by means of the speaking and publishing of which false, scandalous and defamatory words, and of the said false and malicious charge, the plaintiff has lost the confidence of all his neighbors and acquaintances, and also, has lost all his business and practice as a physician as aforesaid, and has likewise undergone great pain and trouble, both of body and mind, and has been otherwise greatly injured and prejudiced, and has been rendered liable to a prosecution for perjury."

After a general verdict for the plaintiff, the defendant moved in arrest of judgment. And the judgment, having been arrested by the county court, the cause was brought here on exceptions taken by the plaintiff to that decision. The motion was predicated, in part, upon alleged defects in other counts of the declaration. But as the decision was founded on the last count, it is not deemed advisable to lengthen the case by any reference to others.

*Wead for the plaintiff.*—1. The doctrine that judgment shall be arrested after verdict for the insufficiency of one of the counts

ESSEX,
March,
1836.

Haselton
vs.
Weare.

in the declaration, when there are others that are good, has never been adopted in this state.

It is opposed to sound reason and ought not to prevail.—Cow. R. 276, *Peake* vs. *Oldham*, per Lord Mansfield Chief Justice. And the same learned judge, in the case of *Grant* vs. *Astle*, Doug. R. 730, pronounced it absurd, and deeply laments, that so inconvenient and ill founded a rule should ever have been established. In the case of *Bayard* vs. *Malcolm*, 2 John. R. 550, the chancellor of the state of New York, pronounced the doctrine incorrect, and refuses to recognize it as the law of that state.

2. There is no insufficient count in the declaration in the present case. To charge a man directly and unequivocally with the commission of an act, which if true, would subject him to indictment for a crime, or to ignominious punishment, is a slander for which action will lie ; and the words are actionable *per se*, without any *colloquium* or *innuendo*.—5 John. R. 188, *Brooks* vs. *Coffin*. 1 Swift's Dig. 481.

The court, after verdict, will presume every thing proved, that was necessary to support the action, unless the contrary appear from the rcord.—1 Salk. 29.—1 Wilson 255, *Budd* vs. *Steward*. —1 Chit. Pl. 712.—1 Saund. R. 227, note 1, and cases there cited.

The last count in the declaration is sufficient.—8 Mass. R. 122, *Nye* vs. *Otis*.—1 Chit. 716.

If it were not, *special damage* is set forth in the declaration, and the verdict warrants us in saying, it was proved on the trial.

Whether evidence of such damage was correctly or incorrectly admitted on the trial, is a question not now before the court.

*Argument for the defendant.*—If one count be bad judgment must be arrested.—2 Saund. 307, n· 1.

The defendant moves in arrest of judgment, because the fourth count, being a general count, alleging that the defendant charged the plaintiff with the *crime of perjury*, without setting out the words, is bad.

In actions for slander the words must be set out.—Stark. on Slander 266, 270.—1 Chit. Pl. 381–2.—3 Cow. R. 515, *Fox* vs. *Vanderbeck*.—3 John. R. 10, *Ward* vs. *Clark*.—3 M. & S. R. 110, *Cook* vs. *Cox*.

In actions for libels, it is not enough to allege that the defendant published a libel containing false and scandalous matters, in substance as follows :—3 B. & A. 503, *Wright* vs. *Clements*.—2 D.

Essex,
March,
1836.

Haselton
vs.
Weare.

& E. 162.—6 Taunt. 169.—6 N. H. R. 289, *Parsons* vs. *Bellows.*—T. Harden, 366.—11 Mod. 78, 84, 95.—2 Salk. 660.—2 Chit. Pl. 304, n.—Com. Dig., action defamation G. 5.— Vin. Abr. title, Libel E.

These words, "*vel consimilia,*" would be too uncertain.—Cro. Eliz. 645.

The words themselves must be stated.—3 M. & S. 110.—6 Taun. 169.—2 John. R. 12.—T. Harden 305.—2 Chit. Pl. 304.

When the declaration consists of several counts and some of them contain words which are actionable, and some of them words that are not so, and no special damages is laid, if the jury find a verdict upon all the counts and give entire damages, judgment will be arrested.—2 Saund. 307, a. n. 1, and cases cited.—10 Rep. 131, c., Osborn's case.—3 Wilson 177, *Onslow* vs. *Horne.*

The manner of stating special damages.—1 Saund. 343, c. n. 5.

The special damage must be the legal and natural consequence of the words, otherwise it does not sustain the declaration.—1 Saund. 343. d. n. 5.

Such defects are not cured by a verdict.—1 Saund. 227, n. 1.

A verdict will aid a title imperfectly set out, but not an imperfect title.—3 Bla. Com. 393, n. 4, and cases cited.—2 Burr. 1159. 3 Wilson 275.—4 T. R. 472.

The opinion of the court was delivered by

Royce, J.—Three questions regularly arise in the discussion of this case. 1. Whether the last count in the declaration is originally good and sufficient. 2. Whether, if defective, the defects are cured by the verdict. 3. If it is not aided by the verdict, whether the judgment should be wholly arrested.

The mode of declaring in this count has some resemblance to the ancient declaration—*crimen feloniæ imposuit.* That was only applicable, however, to a particular case. It imported that the defendant had preferred a criminal accusation against the plaintiff before a magistrate. And hence it was always necessary in such case, to establish that fact in proof. For words merely uttered in discourse such a form of declaring was never recognized.—*Blizard* vs. *Kelley,* 2 B. & C. 283, *Coleman* vs. *Goodwin,* there cited in note. It is a rule laid down in all the books, that in an action for mere slander, the words constituting the slandrous charge must be set forth. And to avoid inconvenience from the strictness of this rule, some slight relaxation is permitted in the evidence. This need not correspond in every minute particular with the words as

laid, provided the identity of the charge is substantially made out. The first question is therefore clearly against the plaintiff.

Essex,
March,
1836.

Haselton
vs.
Wears.

At first view the next point would appear more doubtful. The general rule is, that a title or cause of action defectively stated, will be aided by a verdict, whilst a defective title will not. Where a matter is alleged without those attendant facts and circumstances which properly belong to it, and which are essential to its validity, a verdict establishing that matter, and giving it effect, implies the finding of such attendant facts and circumstances. It shall be presumed in such a case, that neither the court would have left it to *the jury to find*, nor that the jury would have found, the alleged fact, without proof of these others. Thus if the issue is whether A infeoffed B, and the jury find the feoffment, it shall be intended that livery was proved. So if a grant is alleged without saying by deed, after a finding the grant, it shall be intended to have been by deed, if a deed was necessary.—1 Saund. R. 228 in notes, and by Buller, J., 1 T. R. 145. These illustrations of the rule are doubtless as favorable to the plaintiff as any that the books furnish. They do not, however, remove the difficulty. In each case here *referred to the fact omitted* was a well known legal ingredient in the main fact or proposition alleged. And if this latter was true in any legal and operative sense the very fact omitted (and not other uncertain facts) must also have existed. This count alleges the assumed legal result of facts which do not appear. It amounts to no more than this, that the defendant said something to the plaintiff, or of, and concerning him, which he interprets as a charge of perjury. And now, after verdict, it is to be understood that evidence was given, which the court below considered had a tendency to prove, and which the jury deemed sufficient to prove, that such an imputation was in fact made. But in what the imputation consisted, and whether in words legally admitting this injurious construction, is not to be ascertained from the record. It follows, that in deciding against the motion in arrest, we should give judgment in favor of the plaintiff, without knowing whether he had a right to recover. Since the actions for oral and written slander are, in most respects, governed by the same rules, the case of *Wright* vs. *Clements* (3 B. & A. 503) appears to be in point to the present purpose. The declaration stated that the defendant published a libel, containing false and scandalous matters concerning the plaintiff, " *in substance* as follows ;" and then set out the libel with innuendoes. This was held bad in arrest of judgment after verdict. And in concluding his opinion, Abbot, Ch. J. says, in reference to the case

Essex,
March,
1836.
―――――
Haselton
vs.
Weare.

before him—"It is of great importance to follow the ancient form of precedents; for if we depart from them in one instance, one deviation will naturally lead to another, and, by degrees, we shall lose that certainty which it is the great object of our system of law to preserve."

On the whole, as all the authorities and precedents require the words to be set out in the declaration, and as no case is produced showing that this defect is aided by verdict, we come to the result, that a failure to set forth the words is a failure to state any cause of action.

The last question is very easily disposed of. Whilst upon demurrer the plaintiff will be entitled to judgment on any good count in his declaration, though defective counts are included; and whilst in criminal cases the like rule is applicable also to motions in arrest, yet in civil cases, if the declaration contains several counts, and a general verdict is returned for the plaintiff, judgement will be arrested *in toto*, if any one count is fatally defective. The reason assigned is, that entire damages having been assessed upon the whole declaration, they cannot be apportioned by the court among the different counts, nor referred to those only which are good.

In Connecticut, it would seem that this rule has not been adopted.—(1 Sw. Dig. 644.) It is, however, the settled rule in England, in most of the other states, and even in this state. As such, it is binding on the court.—10 Co. 131.—2 Saund. R. 307.—3 Wils. 185.—6 T. R. 694.—Stark. on Slander, 416.—5 John. 430.—8 Mass. 122—9 do. 198—15 do. 374.—*Chipman vs. Cook*, 2 Tyler, 465.—*Bloss* vs. *Kittridge*, 5 Vt. R. 28.

The effect of such a motion may generally be obviated by having damages assessed on each count separately; and sometimes by correcting the verdict from the judge's notes, and having it entered upon those counts only to which the evidence applied. But no such course is now left, as this could only have been done in the county court.

Judgment affirmed.