## DANIEL BROWN *vs.* JACOB D. BROWN.

The words, "Uncle Daniel must settle for some of my logs he has made away with," do not of themselves import a charge of larceny.

The words, "thereby accusing the plaintiff of stealing," immediately *following* such words alleged to have been spoken, without any *previous* colloquium, or averment, showing such to have been the intention, are not sufficient to make the declaration good.

Words in a declaration in slander, not in themselves importing a crime, are not enlarged, or extended, by an inuendo.

THIS was an action of slander; the defendant demurred to the declaration and the plaintiff joined in demurrer. In the first count the words alleged to have been spoken are thus stated. "Uncle *Daniel* (meaning the plaintiff) must settle for some of my logs he has made away with, thereby accusing the plaintiff of stealing." In the second count thus. "I (meaning the said *Jacob*) will take

the money, (meaning five dollars then offered by *Benjamin Gar-land* for and in behalf of the plaintiff,) if you (meaning said *Benjamin Garland,*) will settle a bill I have against uncle *Daniel,* (meaning the plaintiff) for my logs he (meaning the plaintiff) took last winter. For uncle *Daniel,* (meaning the plaintiff) did take some of my logs last winter, and I can prove it, for I was told of it at the time and I (meaning the said *Jacob*) shall prosecute him (meaning the plaintiff) for it, unless he (meaning the plaintiff) settles it; thereby accusing the plaintiff of stealing his logs." And in the other count thus. " I (meaning the said *Jacob*) will take the money, if you (meaning one *Benjamin Garland*) will settle a bill I have against uncle *Daniel,* (meaning the plaintiff) for my logs he (meaning the plaintiff) took last winter, for uncle *Daniel* (meaning the plaintiff) did take some of my logs last winter, and I can prove it, for I was told of it at the time, and I shall prosecute him for it, unless he settles it, thereby accusing the plaintiff of stealing."

The action, at the close of the term, was submitted without argument, by *Dunn,* for the plaintiff, and by *Fessenden & Deblois,* for the defendant.

The opinion of the Court was afterwards drawn up by

WESTON C. J. — There is no count in the declaration, averring in general terms, that the defendant charged the plaintiff with the crime of larceny. If there had been, and such a charge maliciously made, was fairly to be extracted from the language of the defendant taken together, and was intended so to be understood, by those who heard it, the plaintiff's case might have been made out, upon a count thus drawn and thus supported, according to the cases of *Nye* v. *Otis,* 8 *Mass. R.* 122, and *Whiting* v. *Smith,* 13 *Pick.* 364. There are, however, opposing authorities; and the principle upon which these cases rest, has not been adopted by any judicial decision in this State.

Three sets of words are set forth in the declaration; neither of which do in themselves import a charge of larceny. To take logs, or to make away with logs, does not come up to that offence at common law, unless done with intent to steal. By the *statute* of 1831, *c.* 510, § 8, any person, who shall, fraudulently and secretly, take and convert to his own use logs, not his own, shall be ad-

judged guilty of stealing. But the words, set forth in the declaration, are not that the logs were fraudulently and secretly taken.

If the words used, were intended to fix upon the plaintiff the charge of larceny, they should have been preceded in the declaration by a colloquium, showing that intention. *Holt* v. *Scholefield*, 6 *T. R.* 691 ; *Hawkes* v. *Hawkey*, 8 *East*, 427. It is true, it is stated in the declaration, by way of inuendo, that the defendant meant to charge the plaintiff with the crime of stealing. The office of an inuendo is to apply the slander to the precedent matter ; but it cannot add to or enlarge, extend or change the sense of the previous words. 1 *Saunders*, 243, *note* 4. The words in the declaration, not in themselves importing a crime, are not enlarged or extended by the inuendo. The declaration, being therefore insufficient by the settled rules of law, applied to cases of this kind, is adjudged bad.