## BASSETT *vs.* SPOFFORD.

In an action for verbal slander, the words used must be set out in the declaration, that the defendant may have notice of the particular charge which he is required to answer; and they must be proved, not literally, but substantially as alleged.

CASE, for slanderous words. The first count in the declaration set forth, that one Samuel Spofford had executed certain promissory notes payable to one Dorothy Secomb, or order, which were afterwards indorsed to the plaintiff; and that the defendant, James Spofford, in a certain conversation of and concerning the plaintiff and those notes, falsely and maliciously spoke and published these words, to wit.: " If Doctor Bassett continues his suit against me, I mean to get those notes of Dolly Secomb, and go before the grand jury and get him indicted for altering and forging them, for I have the notes, and I can be an evidence myself against him."

In another count the plaintiff alleged the speaking of these words, to wit.: "I mean to have him indicted for forging Dorothy Secomb's notes. I mean to harness him for it."

A witness, introduced by the plaintiff, testified that the defendant shewed him the notes signed by Samuel Spofford, payable to Dorothy Secomb, with the words " or order" interlined. On the back the note was indorsed, " pay to the order of Thomas Bassett," and signed " Dorothy Secomb."

The defendant asked if this didn't look like forgery. This was immediately after showing the words " or order" interlined, and the indorsement on the back of the notes.

Afterwards the defendant told the witness he had showed the notes to several people, and thought he might do something with them. People thought he had some grounds against Dr. Bassett, and he had been advised to go before the grand jury and get an indictment, and he thought he should do it if Dr. Bassett did not come to a settlement with him in the other case against him. He could take the notes and go before the grand jury himself as a witness.

The defendant contended that this testimony did not sustain either of the counts; but the court instructed the jury that the evidence was sufficient to sustain both counts of the declaration, and under these instructions the jury returned a verdict for the plaintiff.

*Bartlett*, for the defendant.

*Bell & Tuck*, for the plaintiff.

PARKER, C. J.    It is not necessary, in cases of this character, to set out and prove all the words *verbatim*.    But it is not sufficient to allege that the defendant charged the plaintiff with a certain crime.    The words used must be set out in the declaration, that the defendant may have notice of the particular charge which he is required to answer; and they must be proved, not literally, but substantially, as set forth. 6 *N. H. Rep.* 289, *Parsons* vs. *Bellows, and cases cited.*

We are of opinion that the proof in this case is insufficient.    The witness stated two conversations of the defendant.    In the first he showed the notes, and asked if that did not look like forgery.    Nothing of this is set forth in the declaration.    No words are alleged to have been uttered interrogatively.    Nor is the conversation stated substantially.    The first count alleges the material words to have been, " I mean to get those notes of Dolly Secomb, and go before the grand jury, and get him indicted for altering and forging them." But in the conversation, as detailed by the witness, nothing is said at that time of altering or forging.    The defendant then said he thought he might do something with the notes; he had been advised to get an indictment, and thought he should do it if the plaintiff did not come to a settlement. From the words then used, disconnected from the previous conversation, it would be left uncertain what the defendant thought of having the plaintiff indicted for, except that it was something connected with the notes, and might there-

fore have been forgery. But if, by the language then used, the defendant intended to charge the plaintiff with forgery, that should be set out by way of innuendo, and not by averring that he made such a charge in direct terms. The defendant did not utter, substantially, the words imputed to him. If by what he did say, he intended a similar charge to that set forth, that should be made to appear in a different manner.

These observations apply with equal, if not greater, force to the other count.

*Verdict set aside.*