### ELIZABETH A. PAYSON *vs.* PERRY R. MACOMBER.

No exception lies to the refusal by a judge of the superior court, in the exercise of his d s-cretion, to allow a plaintiff to file, as an amendment to his declaration, other counts, in different words, for the same causes of action for which the action was originally brought.

A count in slander alleging that the defendant charged upon the plaintiff an act of fornication, witnessed by a particular person, is not sustained by proof of words charging an act of fornication, witnessed by another person; or by proof of words implying a charge of habitual fornication and lewdness, with the person named in the declaration.

A count in slander alleging that the defendant charged the plaintiff, who was an unmarried woman, with having had a child, is not sustained by proof of words spoken by the defendant expressing the opinion that, at the time of speaking them, she was pregnant with child.

In an action of slander, a denial of having spoken the words charged and an averment of their truth are consistent defences, and may be separately stated in the same answer.

An action to recover damages for abduction and false imprisonment is not maintained by proof that the defendant, by misrepresentations, threats of a criminal prosecution and payment of money for expenses, but without using or threatening force, induced the plaintiff to go to another place and remain in concealment for a time.

TORT, with two counts for slander, and one for abduction and false imprisonment.

The plaintiff, in the superior court, moved for leave to amend

her declaration, by filing additional counts for the same causes of action for which the action was originally brought; but the judge, in the exercise of his discretion, and not upon the ground that the causes of action set forth were different, refused to allow the amendment.

At the trial, before *Morton*, J., a verdict was returned for defendant, and the plaintiff alleged exceptions. The case is sufficiently stated in the opinion.

*W. L. Burt*, for the plaintiff, cited, as to the right to amend the declaration, *St.* 1852, *c.* 312, § 32; Gen. Sts. *c.* 129, §§ 41, 42; as to the relevancy of the evidence, *Clay* v. *Brigham*, 8 Gray, 161; *Baldwin* v. *Soule*, 6 Gray, 321; *Clark* v. *Munsell*, 6 Met. 373; *Whiting* v. *Smith*, 13 Pick. 364.

*H. W. Muzzey*, for the defendant.

CHAPMAN, J. The first exception is to the refusal of the judge to allow the plaintiff to file the proposed amendment to her declaration. The plaintiff contends that *St.* 1852, *c.* 312, § 32, (Gen. Sts. *c.* 129, §§ 41, 42,) makes it imperative on the presiding judge to allow amendments, and leaves him no discretion except as to the terms. But the language of the statute is not imperative; and, as it is very important that this discretion should be intrusted to the presiding judge, we see no reason for giving a strained construction to the language. As the refusal to allow the amendment was within his discretion, his decision is not subject to exception.

The next exception relates to the rejection of evidence on the ground of variance. The first count is for slander, and is as follows : " And the plaintiff says the defendant publicly, falsely and maliciously accused the plaintiff of the crime of fornication, by words spoken of the plaintiff substantially as follows : ' Mr. Pulsifer had better be dead. It was a pity he had not died years ago. He has taken an old whore (meaning the plaintiff) to lie with. His (Pulsifer's) wife caught them (meaning Pulsifer and this plaintiff) in bed together.' "

It is to be remarked that the alleged slander does not consist in calling the plaintiff a whore, but in accusing her of a specific act of fornication. That act is stated to have taken place on

the occasion when Pulsifer's wife caught him and the plaintiff in bed together.

Before the passage of *St.* 1852, *c.* 312, it was sufficient in this commonwealth to allege that the defendant had accused the plaintiff of a certain crime. This general mode of declaring was favored, because, if the words were set forth they must be proved exactly as laid, and this strict rule of evidence operated with unreasonable severity. And as the general count did not give the defendant sufficient notice of what was charged upon him, he was held to be entitled to a bill of particulars setting forth the words, and the proof must then conform to the bill of particulars substantially, though the words proved need not be exactly the same. *Nye* v. *Otis*, 8 Mass. 122. *Whiting* v. *Smith*, 13 Pick. 364. The *St.* of 1852, *c.* 312, made a change in this respect. *Clay* v. *Brigham*, 8 Gray, 161. Under it, the proof must be that the defendant accused the plaintiff of the same offence stated, and in words substantially like those alleged, though they need not be exactly the same. The count under this statute is equivalent to a general count with a bill of particulars under the previous system.

Taking then the first deposition offered, and rejecting the words that do not impute to the plaintiff the act of fornication, the statement is as follows: " Dr. Macomber answered that Mr. Pulsifer had been guilty of adultery ; had been caught in the very act, and he could prove it. I asked him if he saw the act ; he said he did not, but some one, a Miss Ford, I think, passed through the room, and saw Mr. Pulsifer and Elizabeth Payson on the bed together." On cross examination, the deponent states positively that he said it was Miss Ford who caught them.

The declaration states an act detected by Mrs. Pulsifer, whil the deposition states an act detected by Miss Ford. The testimony which would prove the charge stated in the declaration would not prove the charge stated in the deposition. The variance in the particulars of the statement is therefore material.

The second deposition is as follows : " He (Pulsifer) had taken an old whore into his house to live with him. I said I

should think they would fear having a family, and getting exposed. He replied that he guessed they had had n.ore than one child, if not whole ones, if the truth was known; that they understood how to get rid of children." On cross examination the deponent states the words differently. " Dr. Macomber said he (Pulsifer) had taken an old whore into his house before his wife left him, and that was the cause of her leaving. I said I should think they, Pulsifer and Miss Payson, would fear having children; and Dr. Macomber said they understood getting rid of children, and he guessed, if the truth was known, that she had a young one now, or a part of one." These statements do not prove the substance of the words stated in the first count. They do not indicate that the defendant charged the plaintiff with being caught in bed with Pulsifer by Pulsifer's wife.

We are then brought to the inquiry whether these statements sustain the second count, or are substantially different from the words there set forth. The count is as follows : " And the plaintiff says the defendant publicly, falsely and maliciously said of the plaintiff, ' she ' (meaning plaintiff) ' was sick at one time, and there was no question but she' (meaning plaintiff) ' had a child, and they' (meaning plaintiff and one Mr. Pulsifer) ' had got rid of it in some way.' "

The second deposition contains the only statements that can be supposed to sustain this count. The variance is that the declaration alleges a charge of a past transaction, viz: having had a child and got rid of it; and the deposition states a charge of an existing fact, viz : now having a child or a part of one. The evidence by which the two transactions would be proved would vary materially. It is quite clear that a charge against an unmarried woman, of now having a child, is substantially different from a charge against her that she formerly had one and got rid of it. The offences, though similar in kind, are not identi ally the same. And it may be stated as a general rule, that the evidence substantially varies from the count in slander when it proves a charge of an offence not identically the same with that alleged, though of the same species.

The defendant's answer denies the speaking of the words, and

justifies them by alleging their truth. The plaintiff contends that the two answers are inconsistent with each other, and that the allegation of the truth of the words is an admission that the defendant spoke them. But the court are of opinion that these defences are not inconsistent with each other; for it does not necessarily follow that the defendant spoke the words because they are true ; nor is an allegation of their truth on the record an admission that the defendant uttered them verbally. Different consistent defences may be separately stated in the same answer. Gen. Sts. *c.* 129, § 16.

The third count is for abduction and false imprisonment. It would have been difficult to sustain this count if it had been demurred to. Its allegations are in substance that the defendant, by false and fraudulent representations, procured the plaintiff, secretly to remove, so that she could not be procured to testify in a prosecution against Pulsifer for criminal connection with her, and threatened her with exposure and a criminal prosecution if she should return; and by threats detained her for a great length of time illegally and against her will, and abducted her from her home against her consent.

The evidence tended to show that, by representations and threats of prosecution, and by paying her expenses, the defendant induced her to go to Salem and remain there for a while ; and that she became satisfied he was deceiving her, and then returned and testified in the cause, which was a suit for divorce in favor of Mrs. Pulsifer against her husband. But it did not tend to show that the defendant used force or threats of force, and without this the plaintiff has no cause of action. It is at most a case where she yielded voluntarily to the defendant's misrepresentations and threats of a criminal prosecution against her, nd absented herself from court and from her home for a time.

*Exceptions overruled.*