# WASHINGTON COUNTY.

## AUGUST TERM, 1871.

[ Continued from page 26. ]

---

### JARED KIMMIS *v.* ENOS STILES.

*Slander.   Pleadings.   Declaration.   Arrest of Judgment.*
*General Verdict.  Defective Counts.  Statute of 1865, No. 12.*

"You are a liar, and I can prove it," are not actionable words, *per se*, and can only
be made actionable, by alleging some special damage which has resulted to the plaintiff,
as a consequence of the speaking of the words, and the plaintiff's right of recovery
would depend upon his ability to prove the damage alleged.

"You swore to a lie, and I can prove it," are not actionable words, *per se*, because
they do not necessarily impute a crime which is punishable, and they are not made
actionable by the following *inuendo*, "meaning that the plaintiff swore in said court
falsely," because a person may swear falsely without committing perjury.

Where a party gives a definition of the words in the *inuendo*, he is bound by the definition
given, even though he may thereby limit the meaning as expressed in the collo-
quium.

A count containing charges, such as "you are a liar," "you get your living that way,"
but having no *colloquium* to which these charges are referable, is insufficent upon mo-
tion in arrest of judgment.

In order to bring a case where there is a general verdict upon two or more counts,
some of which are bad, within the act of 1865, providing that judgment shall not be
arrested if either count is good, it must appear from the declaration itself that all
the counts are for the same cause of action.

Where the words in the second count are charged as having been spoken on the day
and year last aforesaid, and that was a different day from that in which they were
charged to have been spoken in the first count, and it is alleged in the second
count that the conversation was in the presence and hearing of " other " persons, it
was *held* that it did not appear that the two counts were for the same cause of action.

Where the words set out in the two counts are not the same, the court would be un-
able to say, on the trial of a motion in arrest of judgment for the insufficiency of
the declaration, to which set of words the evidence applied, and which set the jury
found the defendant guilty of speaking, and so could not decide whether both counts
were for the same cause of action.

THIS was an action of slander for words spoken.  After trial
by jury, verdict for the plaintiff, and before judgment, the defen-

dant moved the court for arrest of judgment for the insufficiency of the plaintiff's declaration.

The court, at the September term, 1870, STEELE, J. presiding, *pro forma* overruled the motion and adjudged the declaration to be sufficient. To this decision of the court the defendant excepted.

The declaration was in several counts, the second of which, and the only one material to be stated, was as follows:

And the said plaintiff further saith that the said defendant, further contriving and intending as aforesaid, to wit, on the day and year last aforesaid, to wit, at Middlesex, in a certain other discourse which the said defendant had in the presence and hearing of divers other good and worthy persons, the defendant further contriving and intending as aforesaid, then and there, in the presence and hearing of said last named persons, falsely and maliciously spoke and published of and concerning the plaintiff, and of and concerning the testimony which he, the plaintiff, gave before one D. P. Carpenter, Esq., a justice of the peace within and for the county of Washington, duly qualified, to wit, at Middlesex aforesaid, to wit, on the 12th day of May, A. D. 1868, before which said justice there was, on said 12th day of May, A. D. 1868, then and there depending a suit in which Enos Stiles, *this* defendant, was the plaintiff, and Jared Kimmis, this plaintiff, was the defendant, with one Nathan Wheeler, the said justice Carpenter having jurisdiction, both of the parties and the subject matter of said suit, in which said cause the plaintiff was duly sworn by said justice Carpenter, and testified touching the matters then and there depending, the following false, scandalous, malicious and defamatory words, that is to say:

"You" (meaning the plaintiff) "are a liar, and I" (meaning the defendant) "can prove it." "You" (meaning the plaintiff) "swore to a lie," (meaning that the plaintiff swore before justice Carpenter, justice of the peace, as aforesaid in the cause as above set forth, and in said court testified false touching the matters about which he was testifying,) "and I" (meaning defendant), "can prove it," (meaning that he, defendant, could prove that he, the plaintiff, swore in said court falsely). "You" (meaning the plaintiff), "are a liar. "You" (meaning the plaintiff), "get your" (meaning the plaintiff's) "living that way;" (meaning that the plaintiff got his livelihood by lying). "You" (meaning the plaintiff) "get trusted all you" (meaning the plaintiff) "can, and then you" (meaning the plaintiff) "let folks sue you," (meaning the plaintiff), "and then swear them

out of it," ( meaning that the plaintiff was in the habit of getting trusted as long and as much as he could, and refuse to pay, and then people would sue him, plaintiff, and then he, plaintiff, would go into court and by swearing false cheat people out of their honest dues, by means of perjury ).

By means of which said premises the said plaintiff hath been and is greatly injured in his good fame, name and credit, and brought into public scandal and disgrace with and among all his neighbors and those with whom he was accustomed to meet and deal with, and by reason of the premises, and of the speaking of the false, scandalous, malicious and defamatory words, the plaintiff hath been greatly otherwise injured, to wit, at Moretown aforesaid, to wit, at Middlesex aforesaid.

*Randall & Durant*, for plaintiff.

*Heaton & Reed* and *J. A. Wing*, for defendant, cited, to the point that the second count is fatally defective, *Fitzsimmons* v. *Cutler*, 1 Aik., 33 ; *Wood* v. *Scott*, 13 Vt., 42 ; *Holt* v. *Scholfield*, 6 Term R., 691 ; *Sanderson* v. *Hubbard*, 14 Vt., 462 ; *Hatlan* v. *Mussy*, 30 Vt., 365 ; *Knight* v. *Sharp*, 24 Atk., 602. That if either count was bad, they were for different causes of action, and the court cannot say upon which count recovery was had, therefore the Act of 1865, No. 12, does not apply. *Holt* v. *Scholfield, supra. Dunham* v. *Powers*, 42 Vt., 1 ; *Hazelton* v. *Ware*, 8 Vt., 480.

The opinion of the court was delivered by

ROYCE, J. This was an action of slander. Plea, the general issue, and trial by jury.

After a verdict for the plaintiff, the defendant moved in arrest of judgment, on account of the insufficiency of the declaration. The court *pro forma*, overruled the motion, and the case comes here upon exceptions to that ruling. The legal sufficiency of the first count in the declaration has been elaborately argued by counsel, but the view we have taken of the case renders it unnecessary that we should pass upon that question. We are agreed that the second count is bad, and that the defects in it are not cured by the verdict.

The verdict was general; no separate damages were assessed, and hence, in accordance with decisions made in *Hazelton* v. *Ware*, 8 Vt., 480, and *Dunham* v. *Powers*, 42 Vt., 1, the judgment should have been arrested, unless it is saved by the act of November 9th, 1865.

The defamatory words, which the defendant is charged in that count with uttering, are, 1st. " You are a liar, and I can prove it." Imputing to another the want of moral virtue, moral duty or obligations, which render a man obnoxious to mankind, is not actionable. These words were not actionable, *per se*, and can only be made actionable by alleging some special damage which has resulted to the plaintiff, as a consequence of the speaking of the words, and the plaintiff's right of recovery would depend upon his ability to prove the damage alleged.

2d. " You swore to a lie, and I can prove it." The rule whereby courts of justice have governed themselves in order to determine words spoken of another to be actionable is, that the words must contain an express imputation of some crime which is punishable — some capital offence or other infamous crime or misdemeanor, and the charge upon the person spoken of must be precise. *Onslow* v. *Horne*, 3 Wilson, 177. And where the words spoken are ambiguous and equivocal, and require explanation by some extrinsic matter, it must not only be predicated that such matter existed, but that the words were spoken of and concerning that matter. *Hawkes* v. *Hawley*, 8 East, 421. There is a distinction made in the books between being perjured and being foresworn. The former means false swearing in a judicial proceeding, but the other has not the same meaning. *Holt* v. *Scholfield*, 6 Term, 691. In actions of this character, it is generally necessary that the declaration should allege the fact of such testimony having been given under oath, a colloquium or speaking by the defendant of and concerning such testimony; the words spoken and the innuendo that the defendant meant by those words to impute perjury to the plaintiff in such testimony. There is no allegation in this count that the defendant in the colloquium intended to impute perjury to the plaintiff.

The words charged were not actionable *per se*, and the innuendo

is fatally defective, in not alleging that the defendant intended by the use of the words to impute the crime of perjury.

Where the party gives a definition of the words in the innuendo, he is bound by the definition given, even though he may thereby limit the meaning as expressed in the colloquium.

Here the meaning assigned to the words in the innuendo is: "meaning that he, plaintiff, swore in said court falsely." A man may swear falsely, and yet be innocent of perjury, and although the same strictness is not required in a declaration as would be required in an indictment, yet the crime imputed should be so defined as to leave no reasonable doubt as to the intention.

As to the remaining charges in this count, it is sufficient to say that there is no colloquium to which these charges are referable. The only remaining question to be considered is: Does this case come within the provisions of the act of 1865?

In order to bring the case within that statute, it must appear that both counts were for the same cause of action. This question must be determined upon what appears in the declaration, and the first count charges the words to have been spoken on the 28th day May, 1868, and in the second count they were charged as having been spoken on the day and year last aforesaid; and the day and year last written before said count are the 12th day of May, 1868. So it would seem to have been the intention of the pleader to describe two distinct conversations. And this idea derives strength from the fact that it is alleged that the two conversations were in the presence and hearing of different persons.

And again, the words set out in the two counts are not the same, and we are unable to say to which set of words the evidence applied, and which set the jury find defendant guilty of speaking. So we have been unable to find that both counts were for the same cause of action, and the judgment of the county court is reversed and cause remanded.