# Central Foundry Co. *v.* Bailey.

## *Injury to Employe.*

(Decided June 30, 1909. 50 South. 346.)

1. *Master and Servant; Injury to Servant; Maintaining Appliances; Delegation of Duty.*—The duty resting upon the master to maintain appliances in good repair may be delegated, and the master is not liable to a fellow servant for negligence on the part of another servant to whom the duty to repair is confided, though the master would be liable for negligence in selecting said servant; so it follows that the negligence of another servant charged with the duty of repairing the appliance did not sustain an allegation that the master was negligent in that respect.

2. *Same; Complaint; Burden of Proof.*—A count charging that it was the master's duty to furnish safe appliances and to keep them in repair and that the master negligently failed to do this, alleges two or more acts of negligence, and puts the burden on the plaintiff to show that the injury resulted from all of the negligent acts or omissions operating together.

3. *Same; Employer's Liability Act; Complaint.*—A count grounded on subdivision 2, section 1749, Code 1896, should aver the name of the superintendent or that his name was unknown to plaintiff, and if it avers either, the same must be·proven, as charged, and an averment that his name was unknown is not supported by proof that his name was known.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by C. J. Bailey, an employe, against the Central Foundry Company, for injuries received about his employment. Judgment for plaintiff and defendant appeals. Reversed and remanded.

PERCY & BENNERS, for appellant. Where a complaint contains several averments, all entering into as a part but constituting but one cause of action, it is necessary to prove all the averments.—*L. & N. v. Coal Co.*, 86 Ala. 129; *L. & N. v. Mothershed*, 97 Ala. 261; *Ry. v. Baylor*, 101 Ala. 493; *L. & N. v. Dancey*, 97 Ala. 338. The duty of maintaining appliances may be delegated to a competent employe, provided with suitable means for making necessary repairs.—*M. & O. v. Thomas*, 42 Ala. 672; *M. & O. v. Smith*, 59 Ala. 345; *Tyson v. Railway*, 61 Ala. 554; *Smoot v. Railway*, 67 Ala. 13; *Ga. Pac. v. Baylor*, 92 Ala. 300; *A. G. S. v. Carrol*, 97 Ala. 126; *Woodward I. Co. v. Cook*, 124 Ala. 353; *Tutwiler C. & C. Co. v. Farringdon*, 144 Ala. 157. Under the complaint in this case, third count thereof, it was· necessary for plaintiff to show that the employer failed in his nondelegable duty of supplying suitable appliances, and that he failed to furnish proper men or means to keep them in good condition.—Authorities supra. Under a count charg-

ing negligence under subdivision 2 of the Employer's Liability Act alleging that the superintendent's name was unknown to plaintiff, it was necessary to prove that fact.—*L. & N. v. Bouldin,* 110 Ala. 185; *Woodward I Co. v. Herndon,* 114 Ala. 191; 215, 216; *A. G. S. v. Davis,* 119 Ala. 572.

WILLIAM VAUGHAN, and J. W. DAVIDSON, for appellee. Counsel discuss the assignments of error and criticise authorities cited by appellant, but cite no authority themselves.

DENSON, J.— The defendant company (appellant here) was engaged in operating an iron foundry in the city of Bessemer, in Jefferson county. The plaintiff was in the employment of the defendant as a molder in its foundry. While engaged in the performance of the duties required of him by his employment, on the 11th day of July, 1905, plaintiff suffered personal injuries as the consequence of alleged negligence on the part of the master. At the time plaintiff was injured, he was, with a fellow servant, engaged in carrying a load of 200 or 300 pounds of molten iron, heated to 2,500 or 3,000 degrees, from the cupola or furnace, where it was melted, to a spot where a casting was to be made. The iron was being carried in a vessel called a "ladle," with handles attached and extending from it on two sides, so that the ladle could be carried by two men—one in front and one behind. While plaintiff and a man named Latham were carrying this ladle of molten metal, some of it fell through the bottom of the vessel, splashing upon and seriously burning plaintiff, and causing him the loss of one of his eyes.

The proof shows that the duty of furishing the employes with ladles was imposed upon a man named Miller; further, that in order to prevent the molten iron

from burning through the bottom of the ladles it was necessary, every evening, after they had been used, to line them with a mixture of sand and clay made with water into mud, and that this duty of repairing or keeping the vessels in good condition was intrusted to a negro man. The contention of the plaintiff is that, notwithstanding the ladle in question was so lined and placed by the side of the aisle for use, yet it was so worn and defective as to render it unfit for use, and to render the defendant guilty of culpable negligence in placing it along the aisle, with others, for use on the day the injury occurred, and, further, that the ladle was improperly repaired or patched.

In this view, the complaint, in its third count as amended, after setting out the necessary premises in respect to the relation of master and servant between defendant and plaintiff, and plaintiff's injuries, and the manner in which they occurred, continues: "Plaintiff avers that it was the duty of defendant to furnish to plaintiff a safe, sound, and secure ladle or ladles, fit for the work in which plaintiff was then and there engaged, and that said ladle, which was so furnished to plaintiff, and which proximately caused his said injuries, was old, worn, insecurely patched or riveted, unsafe, and unfit to be used as a ladle for carrying said molten iron for the making of said molds or castings; and plaintiff avers that he was hurt and received such injuries by reason of the negligence of the defendant at said foundry, whose duty it was to exercise due and reasonable care, diligence, and discretion in selecting, providing, and keeping in repair suitable appliances, to wit, safe, suitable, and secure ladles for the making of said molds or castings, and that defendant negligently and carelessly failed to use such care, diligence, and prudence in the selection and maintenance thereof in safe

and sound condition and repair, and that defendant knew or ought to have known that the same was not fit for the purposes for which it was being used, wherefore, the plaintiff sues."

At the conclusion of the evidence the affirmative charge was requested by the defendant in respect to the case as presented by this third count, as was also this charge: "The defendant would not be responsible for the act of the negro, whose duty it was to line up the ladles." Both charges were refused, and their refusal forms two grounds in the assignment of errors.

There can be no doubt that the gravamen of the count is the alleged breach of the common-law duty of the master to furnish suitable appliances with which the servant might perform the duties required of him in and about the master's business, and the breach of the common-law duty to maintain those appliances in good condition or repair. The common-law duty of the master to exercise due care to furnish reasonably safe appliances to the servant, according to all the authorities, is a nondelegable one; and if the master commit the performance of this duty to another person, who, in respect to the discharge of it, is negligent, to the injury of another servant engaged in the master's business, the master will be held liable although the person guilty of the direct negligence be a fellow servant of the injured. But according to our decisions (*Woodward Iron Co. v. Cook,* 124 Ala. 344, 353, 27 South. 455) it seems that the duty of maintaining the appliances in good repair may be delegated to another servant, and that the master will not be answerable to a fellow servant for lack of diligence on the part of the servant to whom he confided such duty; although he would be liable for negligence in making the selection of the servant. From the foregoing considerations it would seem to follow that the count un-

der consideration states two causes of action in conjunctive form. But, however that may be, it is not to be denied that two or more acts of negligence are concatenated in such form as (under our decisions) to place upon the plaintiff the burden of showing that the injury resulted, not from one of the negligent acts or omissions averred, but from all of them, operating together to the disaster complained of.—*Armstrong v. Montgomery, etc., Co.,* 123 Ala. 233, 246, 26 South. 349.

This brings up for decision the question: Did the plaintiff, in respect to the third count as amended, make out a case by the evidence, in such form as to authorize a submission of it to the jury? There is no testimony tending to show that the ladle was defective when first supplied. Therefore we must assume that it was in good order at that time. The evidence tends to show that the ladle had been thrown aside on the scrap pile for an indefinite period—a week or more—and that it had been repaired and brought back into service. If the renovation and restoration to service of the discarded vessel be construed as the furnishing of the appliance, and this act construed to be negligence, still the averment of negligence in the repairing or maintaining of the ladle is not proven in such sort as to make the master liable under the third count; and this is true, even though it be conceded that the negro who was intrusted with the duty of repairing was negligent in making the repairs, for, as has been seen, under our decisions (*Woodward, etc., Co. v. Cook, supra*), his negligence in that respect cannot be considered to be that of the master. It must follow upon these considerations that count 3, in its conjunctive form, was not proved, and that the court erred in not giving the affirmative charge, as requested by the defendant, in respect to that count —*L. & N. R. R. Co. v. Mothershed,* 97 Ala. 261, 12 South.

714; *Birmingham Ry. Co. v. Baylor,* 101 Ala. 488, 13 South. 793; *L. & N. R. R.. Co. v. Dancy,* 97 Ala. 338, 11 South. 796; *Armstrong v. Montgomery, etc., Co.,* 123 Ala. 233, 246, 26 South. 349; *Western Ry. Co. v. Mc-Pherson,* 146 Ala. 427, 40 South. 934.

It has been several times held by this court that, in a count grounded upon subdivision 2 of the employer's liability act (Code 1896, § 1749), it is necessary, to the completeness of the count and to save it from demurrer, either that the name of the superintendent be averred, or that it be averred to be unknown to plaintiff.—*L. & N. R. R. Co. v. Bouldin,* 110 Ala. 185, 20 South. 325; *Woodward Iron Co. v. Herndon,* 114 Ala. 191, 21 South 430. And, if the name be averred to be unknown to plaintiff, such allegation (it has been expressly decided) must not be lost sight of in the proof—must be sustained by the proof.—*A. G. S. R. R. Co. v. Davis,* 119 Ala. 572, 588, 24 South. 862. In the instant case the averment is that the name was unknown; and the averment is not only not proved, but, to the contrary of this, it was affirmatively shown by the testimony of the plaintiff himself that James Miller was the person to whose negligence as superintendent, plaintiff attributed his injury, and that his name was known to the plaintiff at the time, and even before the injury occurred. Consequently the court committed reversible error in not giving the general charge requested by the defendant in respect to count 4 of the complaint.

Upon consideration of the evidence, the court is satisfied that whether or not prior to the accident the ladle was defective, and whether or not negligence was attributable to the defendant in not discovering the defect, and whether or not plaintiff was guilty of contributory negligence, cannot be said to be questions of law for the court, but are properly questions for the jury. There-

fore no error was committed by the court in refusing the general charges requested by the defendant in respect to counts 1 and 2.

The preceding discussion covers all assignments of error insisted upon, except that in respect to the refusal of the court to grant a new trial, and it is unnecessary to discuss that.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.