(76 South. 296)

LOUISVILLE & N. R. CO. v. MALONE.
(8 Div. 996.)

(Supreme Court of Alabama.    June 7, 1917.)

1. PLEADING ☞374—ALTERNATIVE COUNTS—RECOVERY.

Where a single count of the complaint contains several independent averments, each presenting a substantive cause of action, proof of either will authorize a recovery.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1217–1223.]

2. TRIAL ☞253(3)—INSTRUCTIONS—IGNORING ISSUES.

Where the complaint alleged that defendant railway's servant charged plaintiff with stealing or taking away a pair of sugar tongs, it was error to charge, predicating recovery on the charge of stealing alone.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 616.]

3. LIBEL AND SLANDER ☞7(13)—"STEALING"—"TAKING AWAY."

In suit against a railway on the ground that its servant charged plaintiff with stealing or taking away a pair of sugar tongs, "stealing" is not synonymous with "taking away."

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 41, 45–52.

For other definitions, see Words and Phrases, First and Second Series, Steal.]

───────────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 198 Ala. 159.

Appeal from Law and Equity Court, Morgan County; Thomas W. Wert, Judge.

Action by Mrs. P. S. Malone against the Louisville & Nashville Railroad Company. Judgment for defendant, which upon motion of plaintiff was set aside, and new trial ordered, and defendant appeals. Affirmed.

The charges referred to as having been given for plaintiff are as follows:

(7) If, from the evidence, you are not reasonably satisfied that the agent or servant of defendant purposely and intentionally accused plaintiff of stealing property of defendant in or from the dining car, then it is your duty to return a verdict for defendant, under counts 1, 2, 3, and 5.

(10) Same as 7.

Eyster & Eyster, of Albany, for appellant. Tennis Tidwell, of Albany, for appellee.

THOMAS, J. The appeal is from the order granting the motion for a new trial.

[1] Where a single count of the complaint contains several independent averments, each presenting a substantive cause of action, proof of either will authorize a recovery. Southern Railway Co. v. Lee, 167 Ala. 268, 52 South. 648; B. R. L. & P. Co. v. Baylor, 101 Ala. 488, 13 South. 793; L. & N. R. R. Co. v. Mothershed, 97 Ala. 261, 266, 12 South. 714. Counts 1, 2, 3, and 5 charge that the conductor of the train willfully and wantonly accused the plaintiff of "stealing or taking from the dining car" one pair of sugar tongs. These counts were framed to meet either alternative of the proof; that is, to charge a felonious taking, or, alternatively, a taking without felonious intent. Each averment presented a substantive cause of action for damages alleged to have proximately resulted to plaintiff as a passenger, through humiliation, in that she was publicly charged by defendant's agent with taking the tongs, or stealing the same, from the dining car. There was no lack of testimony on each substantive averment. As a witness, plaintiff on her direct examination positively testified that the defendant's agent publicly accused her of "stealing" the sugar tongs. That he also accused her of "taking" the sugar tongs is shown by her answers to questions propounded by defendant's counsel on cross-examination.

[2] It was error to give, at defendant's request, written charges 7 and 10, thus ignoring one of the alternative substantive averments, and the proof supporting the same— that defendant's agent or servant willfully and wantonly accused the plaintiff of taking the designated property of the defendant in or from the dining car.

[3] It cannot be said that the averments of "stealing," and of "taking," the sugar tongs from the dining car, are one and the same. Such charges, made publicly by a carrier's agent, concerning or to a passenger, are or may be distinctly different in their nature

and legal effect, and as a cause of humiliation, dependent on the particular circumstances involved. The statement that another has taken a thing, standing alone, does not always, nor by the mere force of the expression, import the fraudulent taking of the goods of another; and it has been held to be not per se slanderous. Harris v. Burley, 8 N. H. 256, 258; Brown v. Brown, 14 Me. 317; Hinesley v. Sheets, 18 Ind. App. 612, 48 N. E. 802, 63 Am. St. Rep. 356; People v. Perry, 65 Cal. 568, 4 Pac. 572. It was held in Coleman v. Playsted, 36 Barb. (N. Y.) 26, that the word "took," in the charge that another took tea, sugar, calico, etc., did not necessarily import a crime, and therefore that the allegation, in a slander suit, that the defendant charged the plaintiff with having stolen a given article is not supported by proof that the defendant only charged the plaintiff with having taken it. See McGowan v. Manifee, 7 T. B. Mon. (23 Ky.) *314, 18 Am. Dec. 178; Higgs v. State, 113 Ala. 36, 21 South. 353; Dozier v. State, 130 Ala. 57, 30 South. 396; Talbert v. State, 121 Ala. 33, 25 South. 690; McKinney v. State, 12 Ala. App. 156, 68 South. 518.

The duty of a common carrier to protect its passengers from humiliation and annoyance has often been defined in this state, and we shall not now discuss this duty. B. R. & E. Co. v. Baird, 130 Ala. 334, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep. 43; Southern Railway Co. v. Lee, supra; N. C. & St. L. Ry. v. Crosby, 183 Ala. 237, 62 South. 889; N. C. & St. L. Ry. v. Crosby, 194 Ala. 338, 70 South. 7; Seaboard Air Line Railway Co. v. Mobley, 194 Ala. 211, 69 South. 614. See, also, Reeves v. State, 96 Ala. 33, 11 South. 296, and Bouvier, Dict. vol. 3 (1914 Ed.), for definition of "boisterous and uncivil" conduct toward another.

There was no error in granting the motion for a new trial. The judgment of the Morgan county law and equity court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.