97 So.2d 568

**VULCAN LIFE & ACCIDENT INSURANCE COMPANY**

v.

**Estelle V. STANDIFER.** .

**6 Div. 827.**

Supreme Court of Alabama.

June 20, 1957.

Davis & Zeanah, Tuscaloosa, for petitioner.

Le Maistre, Clement & Gewin and Perry Hubbard, Tuscaloosa, opposed.

COLEMAN, Justice.

The writ was granted to review the opinion and judgment wherein the Court of Appeals held that the trial court erred to a reversal in refusing to give for the defendant insurance company the general affirmative charge with hypothesis on its Plea G.

The pertinent facts upon which this conclusion was rested are set out in the opinion of the Court of Appeals, making a review thereof by this court authorized. Rainey v. State, 245 Ala. 458(3), 17 So.2d 687.

The suit was upon an alleged breach of a monument insurance policy, the plaintiff's deceased husband being insured thereunder. Among the policy provisions was a forfeiture clause which, in effect, provided, inter alia, that if insured is not in sound health on the date of issuance, or if insured has within two years before said date been attended by a physician for any serious disease or complaint, or before said date has had a disease of the heart, that in such case the company may declare the policy void, etc.

Several pleas were interposed, but the Court of Appeals rested its decision on the conclusion that the defendant was entitled to the affirmative charge on Plea G. The opinion of that court in the part here pertinent recites:

"Section 6, supra, being in the alternative, we pretermit consideration of whether the misrepresentation was made with intent to deceive, but approach our review from the second alternative, that is, did the matter misrepresented increase the risk of loss.

\* \* \* \* \* \*

"It thus appears that defendant's evidence established without any material dispute its plea G, one of the pleas upon which issue was joined, and which, if established, would furnish a defense to this action. The defendant was therefore entitled to have given its request for the general affirmative charge, with hypothesis, and the refusal of this charge was error. \* \* \*"

Plea G avers that before the date of issuance of the policy sued on, insured had had angina pectoris; that within less than two years before said date, insured had been attended by a physician for such disease; that insured represented to insurer that he had had no illness and had consulted no physician in the ten years preceding said date; that said representation was false, was made with intent to deceive and did deceive insurer, and in reliance thereon the insurer issued the policy. The plea further averred that angina pectoris is a disease which materially increases the risk of loss and that this disease which insured had had before said date did materially increase the risk of loss under the policy sued on.

One of the essential averments of Plea G is that insured "\* \* \* before the date of the issuance of said policy \* \* \* had had a disease of the heart, to-wit, Angina Pectoris \* \* \*"

"The rules that obtain as to the giving of affirmative instructions are are well understood, and need not be repeated. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. Is there a dispute in the evidence, or a reasonable inference to the contrary, as against the respective defenses presented by said pleas?"

Metropolitan Life Ins. Co. v. Chambers, 226 Ala. 192, 195, 146 So. 524, 526.

■ Thus, in the instant case, one of the questions presented is: Is there a dispute in the evidence that insured had had angina pectoris before the date of issuance of the policy sued on; or, is there a reasonable inference to be drawn from the evidence that insured had not had angina pectoris before the date of issuance of that policy?

After a recital of the testimony of the various witnesses, the Court of Appeals concluded that the testimony of the expert witness, Dr. Maxwell Moody, to the effect that the insured was suffering with angina pectoris at the time of the issuance of the policy, and from which malady he died, stood uncontroverted, entitling the defendant to the affirmative charge with hypothesis.

Dr. Moody testified that he had first seen the deceased, insured, in April of 1951 (within two years before the issuance of the policy), and diagnosed his illness as high blood pressure and angina pectoris; that the disease was incurable; and that the only way to diagnose angina pectoris is by the type of pain experienced by the sufferer; that in his opinion the cause of insured's death was myocardial infarction; and that this was a progression of the type of heart disease known as angina pectoris. The Court of Appeals, in its opinion, stated:

> "Dr. Moody's testimony stands uncontradicted unless by inference some contradiction can arise from the testimony of Dr. Shamblin, and of the lay witnesses. Clearly nothing in the testimony of the lay witnesses tends to contradict Dr. Moody's testimony as to a firm diagnosis of angina pectoris. An analysis of Dr. Shamblin's (an expert witness for the plaintiff) complete testimony we think fails to create such inferences. While Dr. Shamblin testified he had examined the insured subsequent to the date of the issuance of the

policy and had found nothing wrong with his heart, Dr. Shamblin further testified on cross-examination that the type of examination he made would not necessarily pick up angina pectoris, the diagnosis of such condition depending almost entirely upon a history of symptomatic pains given by the patient, and is not disclosed by physical examination." (Parenthesis added.) 97 So.2d 567.

Concededly it is a close question, but we think the stronger current of opinion would make the issue one for the jury.

■■ In considering the propriety of the affirmative charge, the evidence must be viewed in a light most favorable to the plaintiff, regardless of any view as to the weight of the evidence, and such reasonable inferences as could be drawn by the jury must be allowed. Duke v. Gaines, 224 Ala. 519, 140 So. 600. As was stated by this court in Weil v. State, 52 Ala. 19, 22:

> "* * * It is an invasion of the province of the jury in any case, civil or criminal, (to give the affirmative charge with hypothesis) unless the evidence is clear, positive, and undisputed. If the evidence is circumstantial, or any material fact is to be drawn as an inference, and is not a legal presumption from it, such a charge is erroneous. * * *" (Parenthesis added.)

See, also, Independent Life Ins. Co. v. Carroll, 219 Ala. 79, 121 So. 88.

■ In the case of Commonwealth Life Ins. Co. v. Harmon, 228 Ala. 377, 153 So. 755, the court went into the conclusiveness of expert testimony at length. In that case, the plaintiff sued on a policy of life insurance. The insurance company defended upon the ground of misrepresentation in the application for insurance that increased the risk of loss. The pertinent facts before the court were: Before the

application for insurance and the issuance of the policy, the plaintiff had been operated on for fibrosarcoma. The physicians performing the operation were of the opinion that it was a fatal malady of which the assured was not informed and not cured and that he died of such disease. It was without dispute that the physicians who had actual knowledge of the facts were of the opinion, as medical men, and so stated as witnesses, that the assured had the disease at the time the policy was issued and delivered. It was further in evidence that the disease in question was incurable, materially affected the risk, and shortened the assured's life. However, the evidence on the part of the plaintiff disclosed that the family and the assured himself were of the opinion that the operation had successfully cured the assured and that he no longer suffered from the disease. The contract of insurance in that case was much the same as that involved in the present case, i. e., there were the same general avoidance provisions. The court in discussing the effect of expert testimony stated at 228 Ala. 380, 381, 153 So. 757, 758:

"The general rules stated by the decisions of this court as to the effect of expert testimony are: 'The judgments of experts or the inferences of skilled witnesses, even when unanimous and uncontroverted [citation omitted] are not necessarily conclusive on the jury [citations omitted], but may be disregarded by it or by the court trying an issue of fact [citation omitted], unless the subject is one for experts or skilled witnesses alone, and the jury cannot properly be assumed to have, or be able to form, correct opinions of their own, under which circumstances the unanimous evidence of properly qualified witnesses has been regarded by some courts as conclusive [citation omitted]. Conversely expert testimony can never be regarded as legally necessary to sustain a jury's inference from proved basic facts.' [Citation omitted.]

\*    \*    \*    \*    \*    \*

"The rule for the giving or refusing of general affirmative instructions requested in writing, is well understood. [Citations omitted.] Here the evidence of the expert testimony is to the effect that the assured was affected with the fatal malady of which he died before the policy was delivered, and that he was treated therefor before the application, issue, and delivery of the policy. *The testimony of apparent good health and discharge of his daily duties on the farm, considered with such expert testimony, affords a reasonable inference of fact within the scintilla rule and for the consideration of the jury.* [Citation omitted]. \* \* \*." (Emphasis supplied and parenthesis added.)

As to the conclusiveness of the opinions of experts on the jury, see also: McAllister v. State, 17 Ala. 434; Parrish v. State, 139 Ala. 16, 36 So. 1012; Harris v. Nashville, C. & St. Louis R. R., 153 Ala. 139, 44 So. 962, 14 L.R.A.,N.S., 261; Robinson v. Crotwell, 175 Ala. 194, 57 So. 23; and Lawson v. Mobile Electric Co., 204 Ala. 318, 85 So. 257.

While the Court of Appeals held that there was no conflict in the evidence, it set out the testimony of the plaintiff. She testified that the deceased insured made automobile trips with her, performed his normal duties, and that he complained of no ills or pains.

Mr. Lampkin, a witness for plaintiff, testified that he was Postmaster of University Post Office, where the insured was employed. He further testified that the insured performed his normal duties and that he had not heard the insured complain of any heart condition.

In addition to the above, the Court of Appeals set out the testimony of Dr. Shamblin, who testified that he gave insured a thorough examination, including an examination of the heart, had treated him for

high blood pressure for two months, and had performed a hernia operation on the insured. Dr. Shamblin testified that as a result of his examination of the insured, he had found nothing wrong with the insured's heart.

The facts related by these witnesses certainly contradict the evidence of Dr. Moody that the insured was suffering from a heart disease. Both physicians related that the particular type of heart condition suffered by the insured would only be discovered by a history of the pains suffered by the afflicted person. Dr. Shamblin testified that the deceased insured had related to him nothing concerning pains he had suffered.

■ We think the case is governed by the rule of New York Life Ins. Co. v. Torrance, 228 Ala. 286, 287, 153 So. 463, where it was stated:

"* * * When different opinions exist by the experts, or their statements merely express their opinion as a deduction drawn from certain symptoms, though there is no conflict, the conclusion is finally with the jury, and the affirmative charge should be withheld. * * *"

See, also: New York Life Ins. Co. v. Zivitz, 243 Ala. 379, 10 So.2d 276, 143 A.L.R. 321, where the foregoing statement is approved.

The following is also apposite:

"The questions of fact of whether the deceased had a heart trouble when the insurance issued, if so, whether it was intrinsically material and increased the risk, * * * were for the jury. * * *" Heralds of Liberty v. Collins, 216 Ala. 1, 4, 110 So. 283, 285.

Our view, therefore, is that the issue under the plea was properly submitted to the jury for determination.

Reversed and remanded.

All the Justices concur.