120 So.2d 714

**MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION OF OMAHA**

v.

**Henry BULLARD.**

**4 Div. 868.**

Supreme Court of Alabama.

May 19, 1960.

C. L. Rowe, Elba, for appellee.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellant.

COLEMAN, Justice.

This is an action at law brought by appellee, plaintiff below, to recover benefits

payable under an accident insurance policy issued by defendant to one Thomas L. Helms who was the employer of appellee at the time of his alleged injury. The policy "insures each employee" of Helms and in pertinent part recites:

" 'This Is Not Workmen's Compensation Insurance

" 'This Policy Is Renewable At The Option Of The Association Only And Provides Benefits For Loss Of Life, Limb, Sight, Or Time, From Accidental Bodily Injuries, To The Extent Herein Provided.

" 'Mutual (M B) Benefit
(H & A)
(A)
" 'Health & Accident
" 'Assocation
" 'Omaha
" '(Herein called the Association)

" ' **I N S U R I N G C L A U S E** " 'Hereby insures each employee of the individual, * * * whose name is shown in the Schedule on the last page hereof (herein called the Employer), subject to the provisions and limitations of this policy, against loss of life, limb, or sight occurring, or loss of time sustained and commencing, while this policy is in force and resulting directly, and independently of all other causes, from such injuries; the term, such injuries, as used in this policy to mean accidental bodily injuries occurring while this policy is in force, while the Employee is actually engaged, at the place of business of the Employer shown in the application attached hereto, in the performance of some duty pertaining to his occupation for which he is compensated by a wage paid by the Employer, but not to include: (1) suicide, sane or insane, (2) injuries resulting in insanity or mental infirmity, or (3) injuries received while the Employee is intoxicated or under the influence of narcotics.

" 'Part A.     Employee's Classification

| Class | Number of Employees | Initial Premium | Renewal Premium | Death Benefit | The Weekly Benefit |
|-------|---------------------|-----------------|-----------------|---------------|--------------------|
| A | 15 | $5.09 | $3.09 | $1000.00 | $18.00 |
| " . | . | . | . | . | . |

" 'Part C.   Accident Total
Disability Benefits

" 'If the Employee, because of such injuries which do not result in 'any of the specific losses specified in Part D, shall be wholly and continuously disabled and under the professional care and regular attendance, of a legally qualified physician, other than himself, the Association will pay indemnity for one day or more * * * at the rate of The Weekly Benefit per week, in the amount and in accordance with the Employee's classification as described in Part A of this policy, during the period of total disability and total loss of time, but not to exceed two hundred and fifty weeks for any one accident.

*     *     *     *     *     *

" 'General Provisions

*     *     *     *     *     *

" '4.   Written notice of injury on which claim may be based must be given to the Association within twenty days after the date of the accident causing such injury. In event of accidental death immediate notice thereof must be given to the Association.

" '5.   Such notice given by or in behalf of the Employee or beneficiary, as the case may be, to the Association at Omaha, Nebraska, or to any authorized agent of the Association, with particulars sufficient to identify the Employee, shall be deemed to be notice to the Association. * * *

" '6.   The Association upon receipt of such notice, will furnish to the claimant

such forms as are usually furnished by it for filing proofs of loss. If such forms are not so furnished within fifteen days after the receipt of such notice, the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, character and extent of the loss for which claim is made.

\* \* \* \* \* \*

" '11. All benefits becoming payable under this policy shall be paid to the beneficiary of the Employee.

\* \* \* \* \* \*

" 'Additional Provisions

\* \* \* \* \* \*

" '(d) The copy of the application, attached hereto, is hereby made a part of this contract and this policy is issued in consideration of the answers shown to the questions in the application and the payment in advance of the Estimated Initial Premium for the initial term ending on the Renewal Date.

\* \* \* \* \* \*

" '(g) The Association's liability under this policy shall not exceed the liability of the Beneficiary and in no case shall it exceed the maximums stated in the policy.

" '(h) The beneficiary of the Employee, for all benefits provided herein, shall be the Employer.

\* \* \* \* \* \*

" 'Accident Expense Rider

\* \* \* \* \* \*

" 'Part E and Part F of this policy are hereby made inoperative and in consideration of the removal of the said Parts E and F it is agreed and understood that if the Insured sustains injuries, as described in the Insuring Clause, which injuries shall, within six months from the date of the accident, require medical or surgical treatment, confinement within a hospital or the employment of a trained nurse, the Association will pay the expense actually incurred for such treatment, hospital charges or nurse's fees, but not exceeding Five Hundred ($500.00) Dollars for any one accident.

\* \* \* \* \* \*

" 'Employer
" 'Thomas L. Helms.

\* \* \* \* \*.' "

The complaint, in two counts, one claiming for weekly benefits and the other for medical expense, as last amended, in pertinent part recites:

"Count 1.

"Plaintiff claims of the Defendant Six Hundred Thirty and NO/100 ($630.00) Dollars, with legal interest thereon, due on a policy whereby the Defendant insured each employee of Thomas L. Helms, * * against loss of time sustained and commencing while the said policy is in force and effect and resulting directly and independently of all other causes, from accidental injury received while the said employee is actually engaged, in the place of business of the employer, in the performance of some duty pertaining to his occupation for which he is compensated by a wage paid by the employer. * * *

"And plaintiff says that he was such employee of said Thomas L. Helms, and that he suffered such accidental injury while the policy was in force and while he was actually engaged in the place of business of the said Thomas L. Helms, in the performance of duties pertaining to his occupation for which he was compensated by a wage paid by the said Thomas L. Helms, on, to-wit: the 24th day of September 1953, at * * *. That said injury consisted of strain of his back. That he returned to work for said employer on, to-wit: the 14th day of October 1953, and while so engaged in his said employment, at the time and place aforesaid, he again injured his back on, to-wit: the 20th day of October 1953. Plaintiff alleges that on each of said occasions he was working at rolling logs down to the sawmill carriage with a peavey, and on each occasion he undertook to turn a heavy log and in strain-

ing and tugging at the said log the said peavy slipped he injured his spine.

"Plaintiff further alleges that under part 'C' of the said policy it was provided that 'If the employee, because of such injuries which do not result in any of the specific losses specified in Part D, shall be wholly and continuously disabled and under the professional care and regular attendance, of a legally qualified physician, other than himself, the Association (defendant) will pay indemnity for one day or more * * * at the rate of $18.00 per week, during the period of total disability and total loss of time, but not to exceed 250 weeks for any one accident'.

"And plaintiff alleges that he suffered accidental bodily injury, as aforesaid, and that for a period of 35 weeks, * * * he has been totally disabled and has suffered total loss of time, and has been under the professional care and regular attendance of a legally qualified physician, other than himself, for and on account of the said accidental bodily injury; and that his total disability and total loss of time continues beyond the date of the filing of this suit. Plaintiff says that Defendant has had notice thereof.

"Wherefore Plaintiff sues.

"Count 2.

"Plaintiff claims of the Defendant, Five Hundred and NO/100 ($500.00) Dollars, with legal interest thereon, due on a policy whereby the Defendant insured each employee of Thomas L. Helms, Rt. 2, Brundidge, Alabama, against loss of time sustained and commencing while the said policy is in force and effect and resulting directly and independently of all other causes, from accidental injury received while the said employee is actually engaged, in the place of business of the employer, in the performance of some duty pertaining to his occupation for which he is compensated by a wage paid by the employer.

"And Plaintiff further alleges that attached to and made a part of said insurance policy is an 'Accident Expense Rider' whereby the Defendant agreed 'that if the insured sustains injuries, as described in the Insuring Clause, which injuries shall, within six months from the date of the accident, require medical or surgical treatment, confinement within a hospital or the employment of a trained nurse, the Association (Defendant) will pay the expense actually incurred for such treatment, hospital charges or nurse's fees, but not exceeding Five Hundred ($500.00) Dollars for any one accident'.

"And Plaintiff adopts and incorporates into this count of the complaint all of the allegations of the second paragraph of Count 1, hereinabove, as amended beginning with the words 'And Plaintiff says that he was such an employee of the said Thomas L. Helms, etc.' and ending with the words 'he injured his spine'.

"And Plaintiff says that said injury which he incurred, as aforesaid, within six months from the date of the accident, to-wit: the 24th day of September 1953, required medical and surgical treatment, confinement within hospitals and the employment of trained nurses, within the meaning of the said provision of the said 'Accident Expense Rider', hereinabove referred to. And Plaintiff says that in the treatment of said injury he was confined in Edge Hospital, a hospital in Troy, Alabama, and St. Margaret's Hospital, a hospital in Montgomery, Alabama; that on account thereof he required medical and surgical treatment, to-wit: the professional services of physicians and surgeons; and that he required the employment of trained nurses. And Plaintiff says that the expenses actually incurred by him for such treatment, hospital charges and Nurses' fees for and on account of the said injury exceed the sum of $500.00. And Plaintiff says that Defendant has had notice thereof.

"Wherefore Plaintiff sues."

Defendant pleaded in short with leave, etc. Plaintiff recovered a jury verdict for

$1,107.61 and from judgment thereon defendant has appealed.

### 1.

We will consider first defendant's insistence that the trial court erred in refusing the affirmative charge with hypothesis requested by defendant. As we understand defendant's argument, the insistence is that the facts proved do not show that plaintiff has a right to recover on the policy.

■ As to this insistence, we must, under the well known rule, consider all the evidence in its aspects most favorable to the plaintiff and must allow all reasonable inferences which the jury was free to draw from the evidence. Vulcan Life & Accident Insurance Company v. Standifer, 266 Ala. 246, 97 So.2d 568.

Under that rule, we are of opinion that the jury could find, among other things, that plaintiff was an employee insured by the policy and received accidental injury while so insured; that defense of lapse of policy because of failure to pay premium had been waived; and that the employer, Helms, deducted from plaintiff's wages to pay the premium, but there is no evidence to show that defendant had knowledge of such deduction or knowledge of any agreement beteween employer and employee that such deduction should be made.

We do not understand defendant to insist on this appeal that the foregoing inferences could not be fairly drawn from the evidence by the jury. Defendant argues, however, that even if these inferences be true, plaintiff is not entitled to recover because the insurance contract evidenced by the policy was not made for plaintiff's benefit, that any benefits due under the policy are not payable to plaintiff but are by the policy expressly payable to the employer, Helms, and that the employer alone is entitled to recover on the policy.

Appellant states in brief: "We must confess our inability to find a case directly in point or even find a case involving a like policy." Neither have we found such a case.

Because there is no proof that defendant had knowledge of the fact that plaintiff paid part or all of the premium, that fact is not considered in deciding the correctness of the court's action in refusing the affirmative charge for defendant. Disregarding any such inference, we are, nevertheless, of opinion that under authority of Protective Life Insurance Company v. Moore, 228 Ala. 476, 153 So. 751, the insurance contract in the instant case is a contract made for plaintiff's benefit and he is entitled to maintain the action.

■■ The rule must be considered settled that if A promises B to pay a third person a sum of money, and this promise is founded on a sufficient consideration, the third person may bring assumpsit on the promise. Huckabee v. May, 14 Ala. 263. Later cases support the general rule that one for whose benefit a valid contract is made, although he is not a party to the contract and does not furnish the consideration therefor, may maintain an action on the contract against the promisor. Mason v. Hall, 30 Ala. 599; Moore v. First National Bank of Florence, 139 Ala. 595, 36 So. 777; Fite v. Pearson, 215 Ala. 521, 111 So. 15; Meyerson v. New Idea Hosiery Company, 217 Ala. 153, 115 So. 94, 55 A.L.R. 1231; Employers Ins. Co. of Alabama v. Rhodes, 240 Ala. 226, 198 So. 616.

The question here is whether or not the contract was made for the plaintiff's benefit. If the contract was so made plaintiff is entitled to sue on it. If not made for his benefit he cannot maintain an action on the promise.

If, as defendant contends, the contract was made for the employer's benefit and he is entitled to the policy proceeds for his own use and not for the use of plaintiff, then the contract was not made for plaintiff's benefit. Defendant contends that the employer intended to protect himself against the risk of loss because of possible

injury to his employees during their employment. Defendant says the intention of the contract was not to protect the employer to the full extent of his liability in case of such injury to employees, but the intention was to protect the employer to the extent of the benefits payable under the policy. This intent is evidenced, says defendant, by Additional Provision (g) that defendant's " * * * liability under this policy shall not exceed the liability of the Beneficiary * * *"; by General Provision 11 that all benefits " * * * shall be paid to the beneficiary of the Employee"; and by Additional Provision (h) that "The beneficiary of the Employee * * * shall be the Employer."

"In dealing with contracts calling for the payment of money to a third person, it is generally declared that, in order for such third person to maintain an action thereon, the contract must be made for his benefit. Much confusion of opinion has arisen as to the meaning of 'intended for his benefit.'

"If A and B enter into a contract wherein B, for a valuable consideration, agrees to pay money to C, the benefit to C is in getting his money. The motive of A in having the money paid over to C may have been no interest in C whatsoever, but wholly for A's own relief in paying his debt to C." Fidelity & Deposit Co. of Baltimore, Md. v. Rainer, 220 Ala. 262, 266, 125 So. 55, 58, 77 A.L.R. 13.

In the Rainer case, supra, the question was to determine whether or not a contractor's bond to an owner was intended for the benefit of a third party, in that case a materialman. In determining the intention of the parties, the opinion by Bouldin, J., distinguished between motive and intention and said with reference to the promisee who was the owner, "As heretofore suggested, his motive is not important * * *." 220 Ala. 267, 125 So. 59. See 81 A.L.R. 1286.

So in the instant case, the motive of the promisee, Helms, in obtaining the policy sued on is not important. The question is, has a promise been made by the defendant that in the event of plaintiff's injury, defendant will pay money, for the benefit of plaintiff, that is, either to the employer for plaintiff's use, or directly to plaintiff?

Although the policy is not specifically denominated a group policy, we do not think it will be seriously contended that the policy here sued on is not a policy for group insurance. In Protective Life Insurance Company v. Moore, supra, the opinion quotes 8 Couch, § 2094, as follows:

"'Parties to action on policy of group insurance.—Since a contract for group insurance is between the employer and the insurer for the benefit of the employee, the right of action by the employee or his beneficiary or representative is against the insurer, and not against the employer, between whom and the employee there is no contract of insurance. In other words, since the purpose of group insurance is to insure the lives of employees for their benefit, they are the real parties in interest, and even though the employer is the nominal beneficiary, he is merely a trustee of the employees, *or an agent for distribution,* and the beneficiary or his personal representative is the real party in interest, and may sue on the contract, even though the policy was a gift.' (Italics supplied.)" 228 Ala. at page 478, 153 So. at page 753.

and the opinion further states:

"The very term 'group insurance,' ex vi termini, implies that it is taken out, in blanket form, by some person, or corporation, to insure the lives of a number of persons, not for the benefit of the one procuring the blanket policy, but for the persons composing the class. An application for such a policy gives the insurer notice that the insurance is intended for the persons

composing the group, not for the benefit of the one making the application, and who is the nominal beneficiary in in the policy. The fact that a certificate may or may not be issued to each member of a class, to evidence his inclusion therein, although possibly contemplated, cannot defeat an action on the policy in a proper case. We think this conclusion is fairly deducible from the holding in our recent case of All States Life Ins. Co. v. Tillman, supra." 228 Ala. at page 479, 153 So. at page 754.

Additional Provision (g) which limits recovery to the liability of the named Beneficiary, Helms, is to be taken according to the force of its own terms. The benefits payable are not to exceed the liability of the employer arising out of the contingency insured against. No insistence is made on this appeal that the verdict exceeds the liability of the employer, Helms, or that the jury could not find that he was liable under the evidence adduced on the trial. We do not think that Additional Provision (g) has the effect of changing the contract from one for the employee's benefit into one for the employer's benefit.

General Provision 5 contemplates that notice of injury may be given " *. * * by or in behalf of the Employee or beneficiary, *as the case may be,* * * *." (Emphasis supplied.) and such notice so given to any authorized agent of defendant "with particulars sufficient to identify the Employee" shall be deemed to be notice to defendant. If notice may be given "on behalf" of the employee, is not that a recognition that the employee may be a "claimant" of rights under the policy? We think it is such recognition.

By General Provision 6, defendant, upon receipt of such notice, will furnish to "the claimant" forms for filing proof of loss. If such forms are not so furnished within fifteen days after receipt of such notice, "the claimant" shall be deemed to have complied with the policy requirements as to proofs of loss upon submitting written proof "covering" the occurrence, character and extent of the loss. Who is intended by the word "claimant" in General Provision 6? The draftsman is careful to use the words "employer," "employee," and "beneficiary," respectively in other parts of the policy. A different word, "claimant," is used with reference to giving notice to defendant and filing proof of loss with defendant.

Notice may be given "by" an employee as a claimant. Cannot notice be given also "on behalf" of an employee? A "claimant" is defined as "One who claims; one who asserts a right or title; a claimer." Webster's New International Dictionary, G. & C. Merriam Company, 1925. Does such use of the word "claimant," and not "employer" or "beneficiary," in General Provision 6 indicate an intention that one who is not the employer or named beneficiary may assert a right under the policy? We think it does.

Such a conclusion is consistent with the construction that the policy is intended for the benefit of the insured, but is not consistent with the construction that the policy is intended solely for the benefit of the employer. The employer may be a claimant because he is the named beneficiary. The employee may be a claimant because he is the real party in interest.

" * * * The rules of law construing insurance contracts favorably to the insured, the employee, in this form of insurance, have all the basic reasons for their application here." All States Life Insurance Co. v. Tillman, 226 Ala. 245, 249, 146 So. 393, 396.

In several cases involving policies of group insurance the courts have held that the policies were for the benefit of the employee, although the policy designated the employer as the beneficiary to collect the proceeds. See Carruth v. Aetna Life Insurance Company, 157 Ga. 608, 122 S.E. 226; Mandeville Mills v. Milam, 39 Ga.App. 768, 148 S.E. 418; Fidelity & Casualty

Company v. Ballard & Ballard, 105 Ky. 253, 48 S.W. 1074; United Zinc Cos. v. General Accident Assurance Corporation, 125 Mo.App. 41, 102 S.W. 605, 144 Mo.App. 380, 128 S.W. 836; In re Hooper's Estate, 146 Misc. 151, 261 N.Y.S. 585; Gallagher v. Simmons Hardware Company, 214 Mo.App. 111, 258 S.W. 16.

Based on the last cited group of cases, the text writers make the following statements:

"* * * Under policies of this character, the employer is held not to be the real party in interest but is treated as a trustee for the disbursement of the funds to the beneficiaries of the deceased employee. Under such a policy, even if a certificate is not delivered to the employee, the aforesaid holding is applicable, although it is chiefly based upon the fact that the certificate was issued to the employee, who named a beneficiary. * * *" Crawford, Group Insurance, § 42.

"* * * A rather careless form of procedure has been followed in a number of instances by some insurance companies of designating the employer as the beneficiary and paying the proceeds of the policy over to it upon the death of the insured. All this actually does is to divest the insurer of the actual burden of ascertaining the true beneficiary and paying over of the funds. When such forms are adopted, it is clear that the intent is not to leave the ultimate payment in the coffers of the employer, but to make the employer a trustee for the payment to the real beneficiaries." 1 Appleman Insurance Law and Practice, § 45. See also 8 Couch on Insurance, page 6793, quoted, supra.

In all the cases last cited involving group insurance, however, there was either an individual certificate delivered to the employee, or otherwise a statement in the opinion that the policy was for the benefit of the employee, or an express statement in the policy or certificate that the insurance proceeds should be paid to a beneficiary named by the employee or to the employee himself. No such statement is found in the insurance policy or otherwise in the instant case.

Here, however, the policy as a whole, as we view it, expresses an intention that the benefits paid thereunder shall be paid for the use of the employee. If such payment is made to the employer, he receives it as agent or trustee for the employee.

The above stated conclusion is further supported by the following statement which appears in the policy at both the beginning and the end, viz.: "This Is Not Workmen's Compensation Insurance." It is clearly a contract for some kind of insurance. A fair question is: What kind of insurance is it?

In deciding this case, we assume that Helms, the employer, was subject to the Workmen's Compensation Act. Neither party contends otherwise and appellant's argument quoted below appears to concede that this assumption is correct.

"Workmen's compensation insurance" appears as an expression in § 309, Title 26, Code 1940; § 7584, Code 1923. The instant policy was made effective beginning August 1, 1953, and the cause of action here, if it accrued at all, accrued in September or October, 1953. Section 309, Title 26, as amended by Act No. 661, approved July 10, 1940, 1939 Acts, page 1036, Code 1940, so far as we are advised, is the statute which the parties had in mind at the time the policy was written.

The 1939 Act provides that an employer subject thereto "* * * may * * * insure. * * * his liability thereunder in some * * * association * * * formed * * * to insure the risks under Article 2 of this chapter * * * provided that such insurance association * * * shall have first had its contract * * * approved in writing by the Director * * * and have been authorized * * * to transact

the business of *workmen's compensation insurance* * * *. Nothing herein contained shall prevent an employer from insuring only a particular * * * class, form or kind of risks *all or any part thereof* or from limiting such insurance either as to maximum or taking out insurance policies with such other limitations as are authorized by law * * *." (Emphasis supplied.)

Appellant argues in brief that the policy in this case is not "a Workmen's Compensation insurance policy. * * * However, it is clear that the policy is designed to act as a buffer, to cushion the employer against his liability under the Workmen's Compensation laws. * * *

"* * * The small marginal operator such as Thomas Helms * * * not wanting to pay the high Workmen's Compensation premiums but at the same time not being willing to accept full risk of being self insured, welcomes a comparatively inexpensive cushion against his contingent liability. The policy involved in this case is ideal for such a purpose. It provides a maximum weekly benefit of $18.00 per week * * * rather than the $23.00 per week * * * which is allowable under the Compensation Act. The balance of his contingent liability the employer insured is willing to assume. * * *"

It is fair to assume that the term "workmen's compensation insurance" in the policy was intended to mean insurance referred to in the 1939 Act, supra. We are not here concerned with the amendment to § 309, Title 26, found in Act No. 358, 1955 Acts, page 870. The insurance mentioned in the statute is insurance of the employer's liability under the 1939 Act. The act provides, as it appears to us, that the employer may insure only a particular kind of risk, "all or any part thereof," "limiting such insurance * * * as to maximum."

If the intention of the contracting parties, insurer and employer, in making the contract here sued on, was to insure a part of the employer's risk under Article 2, and to limit the maximum amount payable under

the policy, it seems to us that the policy would be doing a thing permitted by the statute, and if it is insurance authorized by the Workmen's Compensation statute, described and contemplated therein, it would appear to be "workmen's compensation insurance" within the meaning of that expression as used in the statute. We must assume that the parties had the statute in mind when they made the contract, otherwise the expression, "workmen's compensation insurance," has no meaning. If the policy insured part of the employer's liability, as appellant insists it does, then it does what workmen's compensation insurance does and is workmen's compensation insurance. But the policy recites that it is not that kind of insurance and appellant concedes it is not. Then it cannot do what appellant argues that it does, and the conclusion must be that it was not intended for the benefit of the employer but was for the benefit of the insured group, of which the plaintiff was a member.

We do not think it will be contended that the employer had an *insurable interest in* an accidental injury to an employee except as the employer might have a liability arising from such injury. The contracting parties *must have had this fact in mind*. The contract recites that it is not workmen's compensation insurance and that can mean only that it is not insurance against the employer's liability for accidental injury to his employees.

■ It may be that the purpose or motive of the contracting parties *was to do* what appellant says they intended, that is, insure part of the employer's risk, but we are not concerned with the motive or purpose of the parties. The intention of the parties disclosed by the writing and surrounding circumstances known to the parties, and not their motive, determines the rights of the third-party beneficiary. Rainer case, supra; 81 A.L.R. 1287.

Appellant insists that if appellee be permitted to recover in this action, appellant would nevertheless be liable to the prom-

isee, Helms, in an action by him on the same policy because of the same injury to the appellee which is sued on in the instant case.

■ That insistence presents a question arising in most cases involving the right of a third party beneficiary to sue and no satisfactory answer to that argument is apparent in many instances. In the case at bar, however, the employer Helms testified as a witness and his testimony is to the effect that he deducted from plaintiff's salary to pay the premium on the policy now in suit. Under his testimony in this case, we think Helms, as plaintiff in a later suit against appellant, would be estopped to assert that he is the real party in interest entitled to recover on the instant cause of action. We do not undertake to set out an answer to appellant's contentions which would cover every situation.

■ We are of opinion that the policy shows that it was a contract intended for the benefit of this plaintiff, and, therefore, he had a right to sue thereon. The trial court did not err in refusing the affirmative charge for defendant on the ground that the facts proved did not show the plaintiff's right to recover.

### 2.

The policy was evidence to prove the contract made for plaintiff's benefit and the court did not err in overruling objection to admission of the policy in evidence.

### 3.

■ The court did not err in overruling the ground of demurrer taking the point that the complaint failed to show plaintiff's right to sue. While Form 12, in § 223, of Title 7, Code 1940, is designated as for a declaration upon a life insurance policy, "* * * it is held applicable to other insurance contracts, with the required necessary averment thereof. That is, a complaint averring the essential facts, in like

general terms, is sufficient." American Bankers' Ins. Company v. Dean, 227 Ala. 387, 150 So. 333. In the last cited case, the complaint there held sufficient alleged that plaintiff claimed a stated sum "due, on a policy of insurance whereby the defendant * * * agreed to indemnify the plaintiff against loss of the entire sight of one eye resulting * * * through accidental means, * * *." In the case at bar, the complaint alleges that "the Defendant insured each employee * * * against loss of time sustained * * * from accidental injury * * *."

In United States Fidelity & Guaranty Co. v. Williams, 148 Md. 289, 129 A. 660, 664, 665, the court considered at some length the meaning of the words, "insure" and "indemnify," as used in insurance contracts and concluded " * * * that the legal effect and meaning of the word 'indemnify,' when used in the policy considered in the Cosgriff Case, and the word 'insure' used in the present case, is identical * * *." The court also quoted from 22 Cyc. 77, where one definition given for "indemnify" is " * * * to compensate for loss or injury, * * *."

The verb, "to insure," has been defined as "To engage to indemnify a person against pecuniary loss from specified perils." Black's Law Dictionary, Fourth Edition, 1951, p. 946.

We conclude that the allegation that defendant "insured" each employee against loss of time sustained from accidental injury is the equivalent of an allegation that defendant promised to compensate the employee for the described loss. The complaint alleges that plaintiff is such an employee. If payment is to be made to compensate the plaintiff, and not someone else, then payment would have to be made to the plaintiff, or at least for his benefit, and he has the right to enforce the promise. The complaint was not subject to the objection that it failed to allege a right in the plaintiff to sue.

### 4.

In its oral charge, the court instructed the jury that plaintiff would be entitled to recover under Count One if the proof reasonably satisfied the jury that plaintiff had received accidental injury on either September 24th or October 20th. Defendant excepted to that portion of the oral charge and also requested written Charge 14 which was refused. Charge 14 recites as follows:

"14. Before you would be authorized to return a verdict in favor of the plaintiff you must be reasonably satisfied from the evidence that the plaintiff suffered an accidental injury on or about September 24, 1953, and that he again suffered an accidental injury on or about October 20, 1953."

Defendant argues that this action of the trial court constituted reversible error because plaintiff, by alleging two injuries in the conjunctive, assumed the burden of proving both injuries, and defendant was entitled to have the jury correctly instructed as to the burden of proof resting on plaintiff. Defendant's insistence, as we understand it, is that under the complaint as submitted to the jury, plaintiff could recover only if he proved both injuries and could not recover on proof of only one injury.

The complaint alleges time and place of injury in essential particulars as follows:

"And plaintiff says * * * that he suffered such accidental injury * * * on, to-wit: the 24th day of September 1953, * * *. That he returned to work for said employer on, to-wit: * * * and * * * he again injured his back on, to-wit: the 20th day of October 1953. Plaintiff alleges that on each of said occasions he was working * * * and on each occasion * *. * the said peavy slipped he injured his spine.

*       *       *       *       *       *

"And plaintiff alleges that he suffered accidental bodily injury, as aforesaid, and that * * * he has been totally disabled and has suffered total loss of time * * * for and on account of the said accidental bodily injury * * *."

The allegations are, in substance, that defendant promised to pay in event plaintiff should sustain loss of time resulting from accidental bodily injury occurring at the time and in the manner specified, and that plaintiff sustained loss of time resulting from such injury on September 24th and another such injury on October 20th.

To support the insistence that the court erred in charging the jury that plaintiff could recover on proof of either accidental injury, defendant relies on the principle which has been stated as follows:

"We have a line of cases which have established the rule that 'where a single count contains several distinct, independent averments, each presenting a substantive cause of action, proof of either cause of action, so averred, will authorize a recovery; but where a count contains several averments, all of which, combined together, make up the averment of but one cause of action, it is necessary to prove each of the averments in order to sustain the cause of action as laid.' * * *." Mazer v. Brown, 259 Ala. 449, 454, 66 So.2d 561, 566.

See also: Louisville & N. R. Co. v. Mothershed, 97 Ala. 261, 12 So. 714; Birmingham Railway & Electric Co. v. Baylor, 101 Ala. 488, 493, 13 So. 793; Alabama Great Southern R. Co. v. Bailey, 112 Ala. 167, 178, 20 So. 313; Armstrong's Admr'x v. Montgomery S. R. Co., 123 Ala. 233, 246, 26 So. 349; Western Ry. of Alabama v. McPherson, 146 Ala. 427, 40 So. 934; Central Foundry Co. v. Bailey, 162 Ala. 623, 50 So. 346; Sloss-Sheffield Steel & Iron Co. v. Smith, 166 Ala. 437, 443, 444, 52 So. 38; Birmingham Ry., Light & Power Co. v. Nicholas, 181 Ala. 491, 501, 61 So. 361; Central of Georgia Ry. Co. v. Isbell, 198 Ala. 469, 73 So. 648; Louisville

& N. R. Co. v. Malone, 200 Ala. 380, 76 So. 296; Kelly v. Tatum, 222 Ala. 655, 659, 133 So. 703; Boriss v. Edwards, 262 Ala. 172, 178, 179, 77 So.2d 909.

The instant complaint, however, as we construe it, does not rest the right to recover on the combined result of the two accidents. The complaint does state a single cause of action. The foundation of plaintiff's right to recover and of defendant's liability is defendant's breach of the promise to pay in the event plaintiff should suffer "loss of time * * * resulting directly * * * from * * * accidental bodily injuries occurring while this policy is in force" and while plaintiff is engaged in employment as specified in the policy. The basis of plaintiff's right to recover and the basis of defendant's obligation to pay is plaintiff's loss of time resulting from accidental bodily injury occurring as set out in the contract. If plaintiff suffered a loss of time resulting from accidental bodily injury occurring as specified in the policy, defendant is obligated to pay. The gravamen of the cause of action alleged in the complaint is the loss of time resulting from accidental injury and not the time or manner in which the accidental injury occurred so long as it occurred while plaintiff was engaged in the specified employment. Whether the loss of time resulted from one, two, or more accidents is not essential to plaintiff's right to recover.

The instant complaint in the respect here considered is analogous to the complaint in Alabama Great Southern R. Co. v. Bailey, supra [112 Ala. 167, 178, 20 So. 314]. There the complaint averred that the personal injury to plaintiff resulted from defects in the condition of the ways, works, machinery, or plant used in operation of a railroad by defendant, and then under a videlicet specified that the track "'* * * was defective at or near the point of derailment, towit, cross-ties in said track were rotten, rails were insecurely fastened, the track was not properly and sufficiently ballasted, rails were old and worn.'" In holding that plaintiff was not required to prove all four alleged defects in the track, this court said:

"* * * The form of this averment was notice to the defendant that plaintiff did not assume the burden of proving all these specified infirmities of the track or roadway, but only sufficient of them to support the general averment that there were defects in the condition of the track, and plaintiff was under no duty to prove more than this. The general charge, and the general charge on the first count, requested by the defendant, can therefore find no support, in the absence of evidence that the track was insufficiently ballasted, and that the rails were old and worn, there being evidence that the cross-ties were rotten and the rails were insecurely fastened; and charge 25, which would have required plaintiff to prove all these specifications, was properly refused. Railroad Co. v. Mothershed, 97 Ala. 261, 265, 12 So. 714." 112 Ala. 167, 177, 178, 20 So. 313, 316.

So in the instant case, plaintiff has alleged that he suffered loss of time resulting from accidental injury and has further alleged two such injuries. The form of averment was notice to defendant that plaintiff did not assume the burden of proving both injuries, but only sufficient of them to support the general averment that he had sustained loss of time resulting from accidental injury occurring as specified in the policy. The court so instructed the jury without error. Charge 14 would require plaintiff to prove both injuries and was correctly refused.

The assignments of error argued are not well taken and the judgment appealed from is affirmed.

Affirmed.

SIMPSON, GOODWYN, and MERRILL, JJ., concur.