454 So.2d 513 (1984)
Richard G. STEWART
v.
STATE FARM INSURANCE COMPANY.
82-1120.
Supreme Court of Alabama.
May 11, 1984.
Rehearing Denied July 6, 1984.
*514 James A. Philips, Mobile, for appellant.
William W. Watts and Fred W. Killion, III of Reams, Wood, Vollmer, Philips, Killion & Brooks, Mobile, for appellee.
EMBRY, Justice.
This is an appeal from a partial summary judgment made final by entry of a proper Rule 54(b), ARCP, order. The judgment dismissed counts three and four of the complaint. We affirm.
In count three, Richard G. Stewart sought to recover damages of State Farm Insurance Company on the theory that he was a third party beneficiary of the insurance contract between State Farm and David B. Braddock, also a defendant in this action. That count alleged that he, Stewart, was a third party beneficiary because of his status as a member of the public injured by Braddock's neligent operation of a motor vehicle.
By count four, Stewart sought compensatory and punitive damages for the bad faith breach of an alleged settlement agreement between him and State Farm.
The issues here for review are two in number and are correctly stated by State Farm as:
"1. Whether a member of the public injured as a result of the operation of a motor vehicle by an insured is a third party beneficiary of the automobile insurance policy owned by the insured and thus entitled to bring a direct action for bad faith against the insurer.
"2. Whether the tort of bad faith exists in Alabama for breach of an ordinary settlement agreement between two parties."
By count three, Stewart is seeking to maintain a direct action against defendant Braddock's insurer. This is not permitted in Alabama. Maness v. Alabama Farm Bureau Mutual Casualty Insurance Co., 416 So.2d 979, 982 (Ala.1982). This matter is properly addressed to the legislature.
Breach of the alleged settlement agreement does not create a cause of action sounding in tort. Kennedy Electric Co. v. Moore-Handley, Inc., 437 So.2d 76 (Ala.1983).
Because the damages for which the insured Braddock is legally liable have not been reduced to judgment, there cannot yet have been a breach of an alleged settlement agreement between Stewart and State Farm providing for payment to Stewart of damages for which Braddock would become legally liable. Further, the tort of bad faith refusal to pay is that refusal to pay valid claims made by the insured of his insurance carrier. Chavers v. National Security Fire and Casualty Co., 405 So.2d 1 (Ala.1981).
The judgment below is due to be, and it is hereby, affirmed.
AFFIRMED.
MADDOX, FAULKNER, ALMON and ADAMS, JJ., concur.
SHORES and BEATTY, JJ., concur in part, dissent in part.
JONES, J., dissents.
TORBERT, C.J., not sitting.
BEATTY, Justice (concurring in part; dissenting in part):
I concur with the majority opinion regarding the dismissal of Count IV. I dissent *515 as to the dismissal of Count III and would reverse, because summary judgment was improper under the facts of this case. While it is true that the general rule in Alabama prohibits direct actions against a defendant's insurer, Maness v. Alabama Farm Bureau, 416 So.2d 979 (Ala.1982), appellant contends that he is not claiming as a general member of the public but as a third party beneficiary under the terms of the contract of insurance. Alabama cases have recognized third party beneficiary status in the insurance context where the contract was obviously intended to directly benefit specific third parties. See American Southern Ins. Co. v. Dime Taxi Service, Inc., 275 Ala. 51, 151 So.2d 783 (1963); Mutual Benefit Health & Accident Association of Omaha v. Bullard, 270 Ala. 558, 120 So.2d 714 (1960). Although these cases are exceptions to the general rule, they appear applicable to the present case. Plaintiff put into evidence the complaint, and he claims in Count III that he is entitled to recover under the terms of the insurance contract.
The party moving for summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975); Houston v. McClure, 425 So.2d 1114 (Ala.1983). In determining whether the moving party has met this burden, the trial court must view evidence offered in support of the motion in the light most favorable to the opposing party. Fulton v. Advertiser Co., 388 So.2d 533 (Ala.1980). In this case, plaintiff's complaint was before the trial court, and the defendant had no evidence to counter this. Thus, summary judgment was improper.
SHORES, J., concurs.
JONES, Justice (dissenting).
I respectfully dissent. I think the case should be reversed as to both Counts III and IV. I say this because of the posture of the proceedings before us. If we were free to exercise a personal belief concerning Plaintiff's statements of his claim, I would be reasonably comfortable with the speculation that Plaintiff cannot prove a bad faith claim under either of these theories; i.e., as a third party beneficiary under these "other" automobile liability insurance policies or by virtue of an alleged settlement agreement with the "other driver's" insurance carrier. But that is just the point: It would be pure speculation.
Although the Defendant insurer styled its last motion as a "Motion for Summary Judgment," it submitted the motion solely on the "pleadings filed in this action." There is no evidencenot even the insurance policy. The trial judge had previously denied Defendant's motion to dismiss and had denied its motion for reconsideration of the denial of the motion to dismiss (in typical Mobile pleading style); he then granted summary judgment on precisely the same "file" that he had before him at the time of his two earlier rulings.
For the trial court's premature dismissal of Counts III and IV, I would reverse and remand.