I concur with the majority opinion regarding the dismissal of Count IV. I dissent *Page 515 
as to the dismissal of Count III and would reverse, because summary judgment was improper under the facts of this case. While it is true that the general rule in Alabama prohibits direct actions against a defendant's insurer, Maness v. AlabamaFarm Bureau, 416 So.2d 979 (Ala. 1982), appellant contends that he is not claiming as a general member of the public but as a third party beneficiary under the terms of the contract of insurance. Alabama cases have recognized third party beneficiary status in the insurance context where the contract was obviously intended to directly benefit specific third parties. See American Southern Ins. Co. v. Dime Taxi Service,Inc., 275 Ala. 51, 151 So.2d 783 (1963); Mutual Benefit Health Accident Association of Omaha v. Bullard, 270 Ala. 558,120 So.2d 714 (1960). Although these cases are exceptions to the general rule, they appear applicable to the present case. Plaintiff put into evidence the complaint, and he claims in Count III that he is entitled to recover under the terms of the insurance contract.
The party moving for summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Loveless v.Graddick, 295 Ala. 142, 325 So.2d 137 (1975); Houston v.McClure, 425 So.2d 1114 (Ala. 1983). In determining whether the moving party has met this burden, the trial court must view evidence offered in support of the motion in the light most favorable to the opposing party. Fulton v. Advertiser Co.,388 So.2d 533 (Ala. 1980). In this case, plaintiff's complaint was before the trial court, and the defendant had no evidence to counter this. Thus, summary judgment was improper.
SHORES, J., concurs.